## RICHE *v.* MARTIN.

### (*City Court of New York, General Term.* February 8, 1892.)

1. ACTION ON NOTE—EVIDENCE.
    In an action on a note, defendant having brought out on cross-examination of plaintiff the fact of payments made on the debt evidenced by the note, plaintiff's counsel had a right to ask defendant on cross-examination why he made the note in suit if he had paid the debt.

2. SAME—REMARKS OF COUNSEL—EFFECT ON VERDICT.
    Plaintiff's attorney, in an action on a note for $612, remarked in the presence of the jury that defendant had offered judgment for the sum of $322. The jury rendered a verdict for the whole amount of the note. *Held* to show conclusively that the remark had no effect on their verdict.

Appeal from trial term.

Action by Pasqual Antonia Riche against Lawrence Martin. The complaint alleges: "*First.* That defendant made a promissory note to the order of the plaintiff, dated 'New York, March 25, 1891,' and delivered the same to the plaintiff, and thereby promised to pay the sum of $612, 30 days after said date, at the Twenty-Third Ward Bank in the city of New York. *Second.* That at maturity, and before the commencement of this action, said note was presented for payment at the said bank, and same was refused. *Third.* That the plaintiff was, and ever since the making and delivery of said note has been, the holder and owner of said note, and that no part thereof has been paid. *For a First Defense.* The defendant, in his answer, admits the signing of a note, similar in some respects to that set up in the complaint; that he has no knowledge or information sufficient to form a belief as to the allegations in the second and third paragraphs of the complaint. Denies each and every other allegation not hereinbefore specifically admitted or denied. *For a Second Defense.* That, prior to the commencement of this action, he paid to the plaintiff on account of and in payment of the said note the sum of $330. *For a Third Defense.* That the said promissory note is absolutely null, illegal, and void. That said note was given upon the usurious agreement that the defendant would pay for the use of the money mentioned in said note a greater rate of interest than the legal rate of interest in this state, to-wit, at a greater rate than 10 per cent. per annum." From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McGown and Van Wyck, JJ.

*Kellogg, Rose & Smith*, for appellant. *A. C. Astarita*, for respondent.

McGown, J. Upon the trial herein, and upon the cross-examination of the defendant by plaintiff's attorney, the following question was asked: "*Question.* Why did you make a note for $612 if you had already paid him?" Whereupon defendant's attorney stated: "We are willing to pay him the amount of the note, except what we have paid him. I shall not insist as to anything on account of usury. We had this money, and we paid him $329.75; and for the balance of $282.25, with interest from the date of this note, we are willing he should have judgment for." By this admission the defense of payment as set up "for a second defense" in defendant's answer was the only issue before the court to be passed upon by the jury, and, this being an affirmative defense, the burden of proving payment was upon the defendant to establish such defense by a preponderance of evidence. The defense, upon the cross-examination of plaintiff, having brought out the matter of the payments, plaintiff's attorney undoubtedly had the right to ask on his redirect examination the questions as to such payments; and the court, in reply to a statement made by defendant's attorney, said: "As I understand it, he got $229.75 in cash. $129.75, he said, he gave to the laborers, and the other $100 he said Mr. Martin told him was on account of his wages; and the balance due, he said, he would pay him as soon as possible. If all these things are so, the money so paid cannot constitute a counter-claim." To which defendant's attorney replied, "There is no question about that." Certain payments were made by defendant to the plaintiff, and the defendant had a perfect right to direct the application of these payments; and, in the absence of such direction, the plaintiff could apply such payments to any indebtedness then existing on the part of the defendant to him. The amount of such payments, the directions, if any, made by the defendant at the time of such payments, were questions of fact to be passed upon by the jury upon all the evidence submitted, and the court will not disturb the verdict of a jury, rendered upon conflicting evidence, where the law of the case is properly passed upon by the court, unless the verdict is contrary to the evidence, or contrary to the law,

or the jury were influenced by passion, prejudice, or other improper motives or conduct, in arriving at their verdict. The trial justice, in his charge to the jury, fully, clearly, and fairly presented the issues to be passed upon herein to the jury, and evidently to the satisfaction of and with the approval of the defendant's attorney, as no exceptions were taken by him thereto; and we think, after a careful examination of the whole case, that the verdict was fully warranted by the evidence submitted to them.

The defendant's attorney, in the third point of his brief, claims that a remark made by plaintiff's attorney while defendant's attorney was summing up was improper, and that the verdict rendered should not, for that reason, stand. Plaintiff's attorney, while defendant's attorney was summing up, openly remarked "that the defendant had offered judgment for the sum of $322," which remark defendant's attorney then declared "was improper," and was objected to by him, whereupon the trial justice "rebuked the counsel for the same, and told the jury that the remarks should not influence their verdict." The jury's verdict for the whole amount claimed we think shows conclusively that it had no effect upon their verdict. In *Holmes* v. *Moffat*, 120 N. Y. 159, 24 N. E. Rep. 275, improper evidence was admitted, objected to, and a motion made to strike it out, which was denied. The court subsequently came to the conclusion that the evidence should not have been admitted, and in the charge to the jury stated: "I withdraw it from your consideration, as I do not believe it to be proper or material. * * * I think it my duty to say to you that that particular portion of the answer to the seventh interrogatory * * * is not before you as evidence at all." PARKER, J., in his opinion, at page 162, 120 N. Y., and page 276, 24 N. E. Rep., stated: "It is now settled that, if the mistake be immediately discovered, and the evidence promptly stricken out, the error will be deemed cured, and the exception to its admission deprived of all potency;" citing *Gall* v. *Gall*, 114 N. Y. 109, 21 N. E. Rep. 106; and further states: "They [the jury] were informed that the objectionable testimony was not before them as evidence at all, and we are of the opinion that such instructions, coupled with the positive directions to disregard it, must be deemed to have been effectual for the purpose intended." In such cases the remedy of the party is to ask for instructions to the jury to disregard it. *Platner* v. *Platner*, 78 N. Y. 90; *Pontius* v. *People*, 82 N. Y. 339. We have examined the exceptions taken by defendant's attorney, and find that they were not well taken. The judgment and order appealed from must be affirmed, with costs to the respondent.