## Estate of Anna Elizabeth Gall v. Frank Stark.

1. CLAIMS AGAINST ESTATES—*Express Contracts, When Necessary.*— Where a mother-in-law lives in the family of a son-in-law as a member of his family, and after her death he files a claim against her estate for her board, there can be no recovery without the showing of an express contract.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed November 21, 1901.

FREDERICK DUFFY, attorney for appellant.

JOHN H. ROLLINS, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee filed a claim against the estate of Anna Elizabeth Gall, deceased, in the Probate Court of Cook County, for cash expended in behalf of decedent and for her board during her lifetime, which was allowed for the sum of $418.56 by the Probate Court, from which an appeal was perfected by one of the heirs of decedent to the Circuit Court of Cook County, where a trial before the court and a jury resulted in a verdict in favor of said claimant for a like amount and judgment thereon, from which this appeal is taken.

First, it is argued that the verdict is contrary to the law and the evidence, and in this connection it is contended that because the claimant was a son-in-law of deceased, and that the latter lived with him as a member of his family during the time for which the claim is made for board, there could be no recovery without the showing of an express contract between the claimant and decedent that she should pay for her board. The contention that there could be no recovery without the showing of an express contract, considering the family relations of the claimant and the decedent, is no doubt clearly established by the authorities. Switzer v. Kee, 146 Ill. 577–90; Heffron v. Brown, 155 Ill. 322–33.

The evidence, however, shows that there was an express contract between appellee and the decedent that the latter should pay at the rate of $5 per week for her board during the time she remained at appellee's house. No objection to the amount of the recovery is made. The witness Louise Juergens, among other things testified that she was present at a conversation between appellee and decedent, in which the latter said, "Who would care for her in her old days? They were to have—they are to have $5 a week after her death." This conversation occurred soon after decedent came to appellee's house to live. The evidence of A. B. Juergens is of similar import, and other witnesses testified that decedent said she was to pay $5 a week for her board.

The court was asked to give, among others, the following instruction, to wit:

No. 3. "The court instructs the jury that before the claimant can recover in this case he must show that an express agreement was entered into between himself and deceased that said deceased would pay her board, and unless it be shown by clear, direct and positive evidence that such an express agreement was entered into, then the claimant can not recover for said board;" but it was modified by striking out the words, "clear, direct and positive," and given as modified. We think there was no error in the modification. Counsel for appellant cite cases in other jurisdictions which seem to hold that the proof of an express contract in cases of this kind should be positive and direct. We think it is enough that there should be proof of an express contract, not that it should be clear, direct and positive, and the adjudicated cases in this State do not seem to require any greater degree of proof than that in the ordinary civil case. Switzer and Heffron cases, *supra.*

A like modification was made in instruction No. 1, and for the reason above stated, we think it was not error.

No other matters are presented in appellant's argument, and the judgment is affirmed.