Evidence *held* insufficient to sustain a claim presented for the board of decedent, which had been withheld during the life of the decedent, and to support the same.

2. SAME—COUNTERCLAIM.

Where a disputed claim against decedent's estate is referred, the surrogate has no authority to render against the claimant an affirmative judgment on a counterclaim in favor of the estate.

3. WILL—RIGHTS OF BENEFICIARY.

Where a husband, by will, gave to his wife the use of his estate to support herself, and his sisters on her death, her estate cannot be charged with money of her husband's estate, alleged to have been misappropriated by her, until the misappropriation is affirmatively shown.

In the matter of the estate of Clarissa Wilmot, deceased.　The judicial settlement of the account of Julia A. Moore, administratrix. Decree rendered.

R. M. Townsend, for administratrix.

C. C. Flaesch (M. E. Baldwin, of counsel), for Alice Orcutt.

WILLIS, S.　There is a controversy in this proceeding in regard to two claims which have been presented against this estate.　One claim is presented by Alice Orcutt, and the other claim is presented by Alice Orcutt as administratrix with the will annexed of Daniel W. Wilmot, deceased.　Both claims were rejected by the representative of this estate, and are now before the court in pursuance of a consent and stipulation that the surrogate hear and determine said claims in this proceeding.

The alleged claim presented by Alice Orcutt consists of the following items:

"Board of the decedent; money paid by the claimant during the lifetime of the decedent for repairs in and about the house of the decedent; debts owing by the decedent, and paid by the claimant during decedent's lifetime; care of Emeline Wilmot and Louisa Hanford, for whose care and support it is alleged that decedent was liable."

A careful examination of the evidence in this proceeding fails to convince me that the said claim presented by the said Alice Orcutt is a just and proper claim against this estate.　The principal part of this alleged claim arose in the year 1895.　I believe, from the evidence presented herein, that if any claim ever existed against the decedent, and in favor of the claimant, for the items mentioned in her said claim, it was paid by or out of the large sums of money received by the claimant in the year 1895 from North & Co.'s Bank; being the proceeds of certain certificates of deposit belonging to the decedent.　I think this is a fair presumption from all of the evidence in the case.　Stimson v. Vroman, 99 N. Y. 75, 1 N. E. 147.　Upon a consideration of all the evidence in this proceeding, I do not think that this alleged claim has been brought within the rule which has been uniformly enforced

by the courts: "That claims withheld during the life of an alleged debtor and sought to be enforced after his death, are always to be carefully scrutinized, and admitted only upon very satisfactory proof." Kearney v. McKeon, 85 N. Y. 139; Ulrich v. Ulrich, 17 N. Y. Supp. 723; Van Slooten v. Wheeler, 140 N. Y. 633, 35 N. E. 583; Rowland v. Howard, 75 Hun, 4, 26 N. Y. Supp. 1018; Ellis v. Filon, 85 Hun, 487, 33 N. Y. Supp. 138; Winne v. Hills, 91 Hun, 89, 36 N. Y. Supp. 683; Hughes v. Davenport, 1 App. Div. 184, 37 N. Y. Supp. 243; O'Neill v. Barry, 20 App. Div. 121, 46 N. Y. Supp. 752; In re Jones, 28 Misc. Rep. 338, 59 N. Y. Supp. 893. The claim is therefore disallowed.

The question of alleged rent of the house on Clifton street occupied by the claimant, Alice Orcutt, is not considered in this proceeding, the disallowance of said claim making a consideration of the question of alleged rent entirely unnecessary and improper, as no affirmative judgment against this claimant and in favor of the representative of this estate could be rendered by this court in this proceeding. Mowry v. Peet, 88 N. Y. 453; Myers v. Cronk, 45 Hun, 403; Hovey v. Hovey, 46 Hun, 71.

The other claim is presented by Alice Orcutt as administratrix with the will annexed of Daniel W. Wilmot, deceased, and is for moneys alleged to belong to the estate of Daniel W. Wilmot, and alleged to have been wrongfully converted by his widow, Clarissa Wilmot, in her lifetime, by taking and misappropriating a part of the principal of the estate of said Daniel W. Wilmot. By the provisions of the will of Daniel W. Wilmot, the said Clarissa Wilmot is given the income absolutely of his property during her life, with the right to use the whole or any part of the principal for the support of herself and the testator's two sisters, Louisa Hanford and Emeline Wilmot. Upon the hearing a check purporting to have been drawn by D. P. Loomis upon North & Co., Bankers, to the order of Clarissa Wilmot, as executrix of the last will and testament of Daniel W. Wilmot, and bearing her indorsement, together with that of the claimant, Alice Orcutt, with stamp of the bank thereon, showing its payment, was read in evidence by the claimant. There is no evidence to show upon what fund this check was drawn, or whether it represented principal or income belonging to the estate of Daniel W. Wilmot. I think the loose declarations as to the wish or necessity of Clarissa Wilmot for moneys alleged to be in the hands of Loomis, with which to pay the claims for alleged repairs on her property, are insufficient to show that this check represented a portion of the principal of the estate of Daniel W. Wilmot. The amount or the character of the principal of the estate of Daniel W. Wilmot is not shown; nor is it made to appear as to what income was earned by the estate, or what was at the time of the giving of said check due to the said life tenant. Therefore, so far as anything appears in this proceeding, the check might have represented income to which the said Clarissa Wilmot was entitled absolutely under the will. If any presumption is to be indulged in, it would be that she lawfully received the money as income, and lawfully expended it, or, even if the check represented principal

of the estate of Daniel W. Wilmot, that it was used by her for the purposes authorized by the will. There is no evidence upon which a finding could be based that any part of the proceeds of this check was applied in payment of these alleged repairs. I am of the opinion that, under the rule as laid down in the cases heretofore cited, very satisfactory proof of this alleged claim should be produced before the claim is admitted or allowed. See cases heretofore cited. I think, also, that the fact of the conversion or misapplication must be affirmatively shown, before the claim could be allowed against this estate. Matter of Mason, 4 Edw. Ch. *418. It seems to me that there is an entire failure of such proof in this proceeding in reference to this claim. The claim is therefore disallowed.

The question as to costs and the provisions of the decree may be settled before the surrogate.

Decreed accordingly.