1. LIMITATIONS—ACKNOWLEDGMENT OF DEBT.
   An unsigned statement of a payment, indorsed on the back of a note after it was barred by the statute, is insufficient to keep the note alive unless the indorsement was in the handwriting of the maker, or made with his privity.

In the matter of the estate of John B. Salisbury.   Final settlement of the accounts of Philip A. Salisbury, executor, approved.

Holmes & Waterman, for executor.
O. F. Lane, for Maria Skinner and Jacintha Fink.
L. J. Barnes, for Carey D. Ferguson.

WILLIS, S.   In this proceeding for the final judicial settlement of the accounts of Philip A. Salisbury as executor of the last will and testament of John B. Salisbury, an alleged claim of Maria Skinner against said estate, presented to and disallowed by the executor, was, by the consent of both parties, submitted to the surrogate for his

¶ 1. See Limitation of Actions, vol. 33, Cent. Dig. §§ 638, 639.

determination. The alleged claim consists of a promissory note, of which the following is a copy:

> "Onarga, Ill., April 1st, 1889.
>
> "One year after date for value recieved I promise to pay Mrs. Maria Skinner or order four hundred and sixty-six dollars with interest from date.
>
> "J. B. Salisbury."

Upon the back of this note there are three indorsements, conceded to be in the handwriting of this testator, showing the payment of the interest on this note to April 1, 1892. The following are copies of said indorsements:

> "Westford April 1st 1890. Rec'd interest on the within note to date.
> "April 1st 1891. Rec'd interest on the within note to date.
> "April 1st 1892. Rec'd interest on the within note to date."

There is also an indorsement on the back of said note, purporting to have been made on the 14th day of October, 1898, in the following words and figures:

> "Oct 14 1898. Received one doller and twenty-five cents."

No other indorsements appear upon the note. It will be observed, the last payment conceded to have been made being on April 1, 1892, that the note would be barred by the statute of limitations unless there was the payment thereon evidenced by the indorsement purporting to have been made October 14, 1898. It is maintained on the part of the claimant that this last indorsement is in the handwriting of the testator, and in support of said claim Mary Ella Van Deusen, a niece of the testator and of the claimant, is called as a witness, and she testified that the note and all of the indorsements are in the handwriting of the testator. Henry Salisbury, a brother of said testator and of the claimant, also testified that, in his opinion, the note and all of the indorsements are in the handwriting of the testator. The last witness is a blacksmith by trade, and his business would not necessarily require a very thorough knowledge of the manners and styles of different handwritings. This evidence, together with the note and indorsements thereon, practically constitutes the claimant's case. The executor was called as a witness, and testified that he had been in business with the testator for two or three years, and had had frequent correspondence with him up to within a short time before the death of the testator, and was familiar with his handwriting. He further testified that the last indorsement on said note was not in the handwriting of the testator. This, together with certain exhibits used for comparison, and with the note itself, and the indorsements thereon, is substantially the testimony offered against the validity of this claim. A careful examination of the handwriting of the decedent, the body of the note, and the three indorsements, conceded to have been made by him, with the handwriting of the last indorsement, satisfies me that the last indorsement upon this note was not made by the testator, and is not in his handwriting. Without pointing out all of the differences, apparent from an inspection, between the handwriting conceded to be genuine and that in dispute, I think there is such a difference between them that it leads me to believe that the claimant's witnesses are mistaken in their opinion. In the gen-

uine handwriting in the note and first three indorsements the figure "9" appears four times, and it will be observed that these figures are in all respects identical, and that they in no way resemble the figure "9" in the last indorsement. Also, the figure "1," when used in the genuine handwriting in the note and first three indorsements, is always given the same slant, not at all like the figure "1" in the last indorsement, where it has an exactly reverse slant from that which it has in the note and first three indorsements. It will also be noticed that in the body of the note the words "received" and "dollars" both occur, and are spelled differently than in the last indorsement on the note. In the body of the note "received" is spelled "recieved," while in the indorsement it is spelled correctly; that is, "received." In the body of the note the word "dollars" is spelled correctly—that is, "dollars"; and in the last indorsement it is spelled "doller." The first three indorsements, confessedly in the handwriting of the testator, are almost exactly alike, while there is little, if any, similarity between them and the last indorsement.

There is nothing in this proceeding to show that the claimant ever exacted any payments on this note, after the payment of interest on April 1, 1892, for 6½ years, although there is nothing showing that the testator was not able to pay such an indebtedness during his lifetime. And even upon the claimant's theory, after the 6½ years only $1.25 was required to be paid, the balance being left until after the death of the testator, without any apparent cause, so far as appears from the evidence in this proceeding.

I have only pointed out a few of the manifest differences in the conceded handwriting of the testator and the indorsement in controversy, but a careful examination of the note and the indorsements and the circumstances surrounding the claim convinces me that the alleged indorsement of October 14, 1898, was never made by the testator, and I find that fact accordingly. In cases of this kind, as was said by Judge Smith in Porter v. Rhoades, 48 App. Div. 635, 63 N. Y. Supp. 112, in the Third Department, quoting from the opinion of Judge Finch:

"Claims withheld during the life of an alleged debtor, and sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized and admitted only upon very satisfactory proof. * * * Public policy requires that claims against the estates of the dead should be established by very satisfactory evidence, and the courts should see to it that such estates are fairly protected against unfounded and rapacious raids."

It has been the settled policy of the courts in dealing with claims that are withheld during the lifetime of the alleged debtor, and presented after the party alleged to be liable is no longer capable of disputing the claim, to disallow the claim unless it is established by the most clear and convincing evidence. Kearney v. McKeon, 85 N. Y. 139; Ulrich v. Ulrich (Super. Ct. N. Y.) 17 N. Y. Supp. 723; Van Slooten v. Wheeler, 140 N. Y. 633, 35 N. E. 583; Rowland v. Howard, 75 Hun, 4, 26 N. Y. Supp. 1018; Ellis v. Filon, 85 Hun, 487, 33 N. Y. Supp. 138; Winne v. Hills, 91 Hun, 89, 36 N. Y. Supp. 683; Hughes v. Davenport, 1 App. Div. 184, 37 N. Y. Supp. 243; O'Neill

v. Barry, 20 App. Div. 121, 46 N. Y. Supp. 752; In re Jones, 28 Misc.
Rep. 338, 59 N. Y. Supp. 893. The indorsement, having been made
after the note had outlawed, and at a time when, if true, it would inure
to the benefit of the claimant, is not competent evidence to show such
alleged payment, unless the indorsement was in the handwriting of
the testator, or shown to have been made with the privity of the said
testator. Roseboom v. Billington, 17 Johns. 182; Mills v. Davis,
113 N. Y. 243, 21 N. E. 68, 3 L. R. A. 394. If I am right in my con-
clusion that such indorsement is not in the testator's handwriting; then
it furnishes no evidence of a payment to take the claim out of the
statute of limitations, as there is no evidence whatever of a payment
having been made upon the note, aside from the alleged indorsement.

It follows from the foregoing conclusions that the claim is not a
valid claim against this estate, and is therefore disallowed. Findings
may be prepared in accordance herewith. All questions in regard
to costs are reserved until entry of the decree settling the accounts
herein.

Decreed accordingly.