In re DOLE.

(Supreme Court, Appellate Division, Second Department.  May 25, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬤⟿241—CLAIMS—ALLOWANCE.
     The allowance of a claim by the administrator prima facie establishes
     its validity.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent.
     Dig. §§ 827, 849;  Dec. Dig. ⬤⟿241.]

2. EXECUTORS AND ADMINISTRATORS ⬤⟿221—CLAIMS—PRESUMPTIONS.
     A claim for board and lodging, presented by the son-in-law of intestate,
     held improperly allowed, where it had grown stale in deceased's lifetime;
     no bill or claim ever having been presented, though deceased was able to
     pay the same.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent.
     Dig. §§ 901–903½, 1858, 1861–1863, 1865, 1866, 1871–1874, 1876;  Dec. Dig.
     ⬤⟿221.]

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of Margaret
A. Dole, as administratrix of Bridget Quinn, deceased.  From a decree
of the Surrogate's Court, John Quinn, one of the next of kin, ap-
peals.  Modified and remitted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-
TON, and PUTNAM, JJ.

Emanuel G. Bullard, of Jamaica, for appellant.
William R. Hill, of New York City, for respondent.

PER CURIAM.  [1] Notwithstanding that the allowance of the
claim by the administrator established prima facie its validity (Matter
of Warrin, 56 App. Div. 414, 67 N. Y. Supp. 763), and that unques-
tionably the claimant lodged and boarded the intestate for the period
covered by his claim, we think that the claim cannot be allowed.  The
law should not imply an obligation to pay, inasmuch as the claimant is
a son-in-law of the intestate and received her into the home occupied
by him and his wife (Gall v. Stark, 98 Ill. App. 121; Gerz v. Weber,
151 Pa. 396, 25 Atl. 82).  See, too, Collyer v. Collyer, 113 N. Y. at 449,
21 N. E. 114.  The theory of the claimant, however, is that the intestate
agreed to pay a weekly sum for her board and lodging.  Either such
a contract should have been in writing, or, if based upon parol evi-
dence, the evidence should have emanated from disinterested witness-
es, or have been corroborated by them in all substantial particulars.
Rosseau v. Rouss, 180 N. Y. at 121, 72 N. E. 916, citing authorities.

Aside from the testimony of the claimant and that of his wife, who
is the administrator, there is but slight proof to establish the claim;
and this proof is confined substantially to the testimony of a woman
with whom the intestate boarded for six months, about two years be-
fore her death.  Her testimony is that the intestate insisted upon pay-
ment of board to her, and told her to take payment of $5 a week,
"because that was what she always paid to her daughter."  Even this
bit of testimony is consistent with the fact that the intestate had dis-

charged any obligation to the claimant. If the intestate had agreed to pay a weekly sum for her board and lodging, no reason is suggested why credit was thus extended to her for all these years. On the other hand, it is clear enough that she was able to pay, and that her moneys were available. Her daughter testified that, as a rule, the intestate was very particular about payment of her bills, but adds that her mother "wanted to keep whatever money she had; she wanted to hold onto the little she had in her own name as hers; it would be all mine finally." The final words might afford an additional reason why the daughter and her husband would receive the intestate as a guest.

[2] There is no proof that any bill or claim was ever presented to the intestate during her lifetime. This omission requires careful scrutiny of the claim and very satisfactory proof thereof. Kearney v. McKeon, 85 N. Y. 136; Matter of Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583; Porter v. Rhoades, 48 App. Div. 635, 63 N. Y. Supp. 112. The claimant permitted his claim to grow stale, and omitted to protect it by sufficient proof available after the death of his alleged debtor. It must be presumed that he actually knew the peril of his omission, inasmuch as he is an attorney. We do not, and we need not, say that the claim is "an afterthought." It is enough that the proof falls far short.

Therefore the decree must be modified in accord with this opinion, and the matter must be remitted to the surrogate, to proceed in accord with the directions thereof, with costs to the appellant, payable out of the estate.