In the Matter of the Judicial Settlement of the Account of MARGARET A. DOLE, as Administratrix, etc., of BRIDGET QUINN, Deceased.

MARGARET A. DOLE, as Administratrix, etc., Respondent; JOHN QUINN, Appellant.

(*Supreme Court, Appellate Division, Second Department, May* 25, 1915.)

DECEDENT'S ESTATE—CLAIM FOR BOARD AND LODGING FURNISHED INTESTATE —PRESUMPTION AS TO BOARD FURNISHED BY SON-IN-LAW—EVIDENCE NOT JUSTIFYING RECOVERY.

In order to entitle a son-in-law to recover from the estate of his mother-in-law moneys alleged to be due for board and lodging furnished to the decedent, a contract to pay therefor must be established, either by written evidence, or, if established by parol, it must be by the testimony of disinterested witnesses, or the contract must be corroborated by them in all substatial particulars.

Where a son-in-law receives his mother-in-law into a home occupied by himself and his wife, the law does not imply an obligation on her part to pay for board and lodging.

Evidence examined, and *held*, that such claim for the value of board and lodging was not sustained in that it was not asserted during the lifetime of the intestate, etc.

APPEAL by John Quinn, one of the next of kin of Bridget Quinn, deceased, from a decree of the Surrogate's Court of King's county, entered in the office of said Surrogate's Court on the 30th day of November, 1914, settling the accounts of the administratrix herein.

Emanuel G. Bullard, for the appellant.

William R. Hill, for the respondent.

PER CURIAM.—Notwithstanding that the allowance of the claim by the administrator established *prima facie* its validity (Matter of Warrin, 56 App. Div. 414), and that unquestionably the claimant lodged and boarded the intestate for the period covered by his claim, we think that the claim cannot be allowed. The law should not imply an obligation to pay, inasmuch as the claimant is a son-in-law of the intestate and received her into the home occupied by him and his wife. (Gall v. Stark, 98 Ill. App. 121; Gerz v. Weber, 151 Penn. St. 396. See, too, Collyer v. Collyer, 113 N. Y. 449.) The theory of the claimant however, is that the intestate agreed to pay a weekly sum for her board and lodging. Either such a contract should have been in writing, or, if based upon parol evidence, the evidence should have emanated from disinterested witnesses or have been corroborated by them in all substantial particulars. (Rosseau v. Rouss, 180 N. Y. 121, citing authorities.) Aside from the testimony of the claimant and that of his wife who is the administrator, there is but slight proof to establish the claim. And this proof is confined substantially to the testimony of a woman with whom the intestate boarded for six weeks, about two years before her death. Her testimony is that the intestate insisted upon payment of board to her, and told her to take payment of $5 a week, "because that was what she always paid to her daughter." Even this bit of testimony is consistent with the fact that the intestate *had* discharged any obligation to the claimant. If the intestate had agreed to pay a weekly sum for her board and lodging, no reason is suggested why credit was thus extended to her for all these years. On the other hand, it is clear enough that she was able to pay and that her moneys were available. Her daughter testified that, as a rule, the intestate was very particular about payment of her bills, but adds that her mother " wanted

to keep whatever money she had; she wanted to hold on to the little she had in her own name as hers; it would be all mine finally." The final words might afford an additional reason why the daughter and her husband would receive the intestate as a guest.

There is no proof that any bill or claim was ever presented to the intestate during her lifetime. This omission requires careful scrutiny of the claim and very satisfactory proof thereof. (Kearney v. McKeon, 85 N. Y. 136; Matter of Van Slooten v. Wheeler, 140 id. 624; Porter v. Rhoades, 48 App. Div. 635.) The claimant permitted his claim to grow stale and omitted to protect it by sufficient proof available · after the death of his alleged debtor. It must be presumed that he actually knew the peril of his omission, inasmuch as he is an attorney. We do not, and we need not, say that the claim is " an afterthought." It is enough that the proof falls far short. ·

Therefore the decree must be modified in accord with this opinion, and the matter must be remitted to the surrogate to proceed in accord with the directions thereof, with costs to the appellant payable out of the estate.

JENKS, P. J., THOMAS, CARR, STAPLETON and PUTNAM, JJ., concurred.

Decree of the Surrogate's Court of Kings county modified in accord with opinion, and matter remitted to said court to proceed as therein directed, with costs to the appellant payable out of the estate.