Lott H. Wells, S.
This settlement proceeding concerns the effect of admission and allowance of claim or debt by representative. The executrix herein presented her account and a petition praying the account be judicially settled, with duly executed and acknowledged waivers by Barbara Burkett, Clarissa Murray, William Murphy, and Esther Mousaw. Under Schedule “ D ”, *833 the account admits and allows a contract claim of Esther Mousaw of $500 as a valid claim against the estate.
Nellie A. Murphy, the testatrix, died December 22,1956. Her will was admitted to probate and letters testamentary issued February 18,1957 to Margaret Egan. She was survived by four sons, Paul, Daniel, William and John Murphy, and by six daughters, Irene O’Brien, G-race Connelly, Barbara Burkett, Clarissa Murray, Esther Mousaw, and Margaret Egan. They share equally under the will.
The claim of Esther Mousaw arises from the following agreement:
<£ November 13, 1956 Tuesday
To Whom It May Concern:
It is hereby agreed that I, ‘ Nellie Murphy ’, will pay to Esther Mousaw the sum of fifty dollars per week for room, board and care. This sum to be paid each week regardless of my location or state of health.
It is further agreed that the sum of $500.00 will be paid Esther Mousaw at the termination of my stay at her home or in the event of death.
This agreement is made voluntarily and without any influence or duress in recognition of the loss of income from profession on the part of Esther Mousaw.
Signed
Mrs. Wm. Murphy
Esther Mousaw ”.
It appears the children are equally divided on this question. Objections to payment of this claim, as negligently allowed, were filed by Paul Murphy. His brothers Daniel Murphy and John Murphy, and his sisters Irene O’Brien and Grace Connelly, also appeared in opposition to payment of this claim.
The executrix was examined under oath as provided by section 263 of the Surrogate’s Court Act in regard to her admission and allowance of the claim. Her testimony follows: “ as a result of that discussion, and I used what I thought was good judgment ’ ’; £ ‘ The nurses told me that mother knew what she was doing up to the time she died. This agreement was made at the time she was ill at the hospital.”
The claimant presented a contract in writing. Neither the signature nor the mental condition of the decedent has been questioned. The procedure followed by the executrix is strictly as provided by section 210 of the Surrogate’s Court Act. The claim was approved and allowed, but not paid. This was to avoid *834 a surcharge if objections were made and sustained. It is not the duty of an executrix to improperly resist payment of what she deems to be just claims. In this case, it was against the pecuniary interest of the executrix as a residuary legatee to approve this claim.
Section 210 of the Surrogate’s Court Act provides that upon any accounting or judicial settlement of an account, where the executor admits and allows a claim or debt against the deceased, other than his own claim, the validity of such claim or debt shall be thereby established, but any party adversely affected by such allowance may file objections thereto and may show that the claim or debt was fraudulently or negligently allowed. Surely it could not have been intended by section 210 of the Surrogate’s Court Act that if an executor allowed a claim in good faith, his act constituted a binding adjudication of the validity of the claim. The allowance of a claim by an executor may raise a prima facie, but does not create a conclusive presumption of validity. (Matter of Dole, 168 App. Div. 253; Matter of Rhinelander, 264 App. Div. 607.)
The court finds that the executrix was not negligent in allowing the claim. The burden was upon the objectant to establish such neglect or to overcome the prima facie presumption of the validity of the claim. (Matter of Meyer, 119 N. Y. S. 2d 737, 754; Matter of Rhinelander, sufra.)
Objectant sustained neither of these burdens.
Proceed accordingly.