John D. Bennett, S.
In this accounting proceeding the sole beneficiary of the estate questions the validity of an allowed claim of the United States Government for income tax deficiencies and accrued interest assessed against the decedent and her late husband for the tax years 1945 and 1946.
During the hearing, the court ruled that it was the burden of the objectant to overcome the prima facie presumption of the validity of the allowed claim. The objectant, however, claimed that since the usual statutory period of limitations both as to the assessment and collection of the tax had expired, it was incumbent upon the claimant to affirmatively demonstrate the validity of its claim. At this point, the Government, without *538 waiving the benefit "of the court’s ruling on the burden of proof, nevertheless proceeded to introduce evidence in support of its claim.
The central issue of fact concerns the execution and existence of an 872 waiver form extending the statutory period within which the Government could make an assessment to June 30, 1954. It is apparently conceded that if such form was not properly executed, the assessment made on February 12, 1954 is invalid. The Government conceded that it was unable to produce any one of the three duplicate original 872 forms and submitted evidence that the District Director Administrator’s file containing decedent’s tax return reports, 872 forms, and other papers, could not be found and must be presumed to have been destroyed. It is the claimant’s contention that such proof excuses the non-production of the 872 forms themselves and permits the introduction of secondary evidence to support the execution and existence of the 872 form in question.
The secondary evidence offered to prove the existence of the 872 form in question consisted of certain documentary evidence and the testimony of Government officials. Exhibit 3 is a copy of a letter dated April 15, 1953 addressed to Mr. David L. Sherman, the taxpayers’ representative, presumably enclosing the blank 872 forms. It is initialed on April 16, 1953 by two of the Government’s witnesses, Mr. Berti and Mr. Long, who testified to the preparation and signing of such letter. The letter is certified to be a true and exact copy of the retained copy on file with the Appellate Division, New York Region, by the Chief of the Records Section. Exhibit 6 is a letter to the taxpayers initialed by Mr. Berti and Mr. Long on May 11, 1953. The letter reads in part, “ Reference is made to the consents, Forms 872, submitted by you, extending to June 30,1954 the period of limitation for assessment of income taxes against the above-named taxpayers for the taxable years as stated. The consents, the triplicates of which are enclosed for your files, have been accepted ”. The acceptance as evidence of both of these letters was objected to by the respondent on the ground that they were not the best evidence, and further that there was no proof of mailing.
Exhibit 2 is a photostatic .copy of a conference record card, form 1246, upon which is recorded various data pertaining to the taxpayers’ case. One of the areas for the placement of entries is entitled “ Statute of Limitations Expires ”. On this
63 line appears the following: “ Ws-6/30/^54 ”. No objection was made by counsel to the introduction of this exhibit except the statement that no concession was made as to the accuracies of any notation thereon.
*539 Exhibit 9 is a photo static copy of a letter dated November 10, 1953 addressed to Mr. David L. Sherman, together with four additional pages. No objection was interposed as to the receipt of this document into evidence. The third photo static page of Exhibit 9, entitled “ Audit Statement ”, contains the following statement: “ Consents, form 872, executed May 11, 1953 are on file extending the statutory period for assessment for the taxable years ended December 31,1945,1946 and 1947 to June 30,1954.” Mr. Berti testified that he personally recalled the execution and existence of the 872 form in question, after his memory was refreshed by the correspondence in the file. Mr. Long’s testimony was somewhat different in that he had no independent recollection other than the fact that his initials appeared on some of the documents and that it was not his usual custom to place his initials on papers that he had not found in order. Mr. Sherman testified for the objectant that as the taxpayers’ representative he does not recall nor did he ever have in his possession an 872 form extending the period of assessment to 1954.
In the case of Bromley v. Mollnar (179 Misc. 713), the court received secondary evidence of the contents of a decision allegedly filed in the Town Clerk’s office but which decision could not be found after a search had been conducted. After the court discussed various presumptions, including the presumption that ‘ ‘ no official, or person acting under oath of office, will do anything contrary to his official duty, or omit anything which his official duty requires to be done ”, it received secondary evidence of the contents of the decision, including oral testimony. The court there stated (p. 719): “Where the original writing has been lost, secondary evidence of its contents is admissible in evidence * * * The sufficiency of the proof of loss is a question of fact for the trial court and will not be reviewed on appeal by the higher courts. (Mason v. Libbey, 90 N. Y. 683.) ” The court here determines that sufficient proof has been adduced to warrant the admission of secondary evidence as to the execution and existence of the 872 form in question.
In objecting to the two letters, Exhibits 3 and 6, the respondent cited not only the best evidence rule but the lack of sufficient proof of mailing, which proof would have raised a presumption of receipt by the taxpayers or their representative. However, even if Exhibits 3 and 6 are excluded, there is sufficient evidence, both in the form of documents such as Exhibits 2 and 9 to which no objection was made and testimony to support the conclusion of the proper execution and existence of the 872 form which extended the period of assessment to June of 1954. Somewhat similar facts and circumstances, together with the presumption
*540 of regularity of the Commissioner’s actions, have sufficed to support a finding of the existence of a lost waiver (Anderson v. United States, 15 F. Supp. 216, 222, cert. den. 300 U. S. 675).
In accordance with section 211 of the Surrogate’s Court Act (derived from former section 210 with modifications), the allowance of a claim by an estate representative establishes its prima facie validity (Matter of Dole, 168 App. Div. 253; Matter of Warrin, 56 App. Div. 414). Its validity thereafter can only be challenged upon the ground that the claim did not in fact exist or that it was fraudulently or negligently allowed and the burden of such attack rests upon the objeetant (Matter of Warrin, supra).
Under former section 210 of the Surrogate’s Court Act, the court was limited merely to the question of whether the unpaid claim was fraudulently or negligently allowed and if it so found, it could only reject such claim. (Matter of Fitzpatrick, 123 Misc. 779, 783; Matter of Yokelson, 29 Misc 2d 937). Under present section 211, the court is empowered under such circumstances to dismiss the claim at that point (see Second Report of Temporary State Comm, on Estates, N. Y. Legis. Doc., 1963, No. 19, p. 351). However, if the court were inclined, which it is not, to dismiss the Government’s claim because of an alleged invalid assessment, a serious question of this court’s jurisdiction would be presented (Matter of Herter, 15 Misc 2d 184; Matter of Rosa, 172 Misc. 808, 810, and cases' there cited). In Matter of Seife (37 Misc 2d 863, 865), the court stated: “ In the brief submitted after the hearing was concluded, the administrator and his surety seek to dispute the claim [of the Government] and to argue that the assessment was barred by the Statute of Limitations. This court is not the court in which such a tax claim can be litigated.” (Italics supplied.)
The court finds that the objeetant has not sustained her burden of proving that the claim was improperly, fraudulently or negligently allowed. The court also finds that the claim was properly filed in this court and allowed by the executor within the time permitted for the collection of assessments by the Government (Matter of Weinbaum, 43 Misc 2d 991; cf. Matter of Becker, 174 Misc. 25; Matter of Intini, 138 N. Y. S. 2d 768). The objection relating to the allowance of the Government’s claim is accordingly dismissed. Since the estate will be rendered insolvent by the payment of the Government’s claim, the other objections filed by the respondent are academic.