William J. Regain, S.
Pursuant to an order obtained by the creditor, Dr. Leo M. Michalek, Angeline E. Menno, as executrix of the above estate filed her petition for judicial settlement of her accounts as executrix of this estate and the accounting in connection therewith. In this proceeding the widow and daughter, beneficiaries under the will, as well as 10 creditors, including the New York State Tax Commission and Dr. Leo M. Michalek, Jr., were listed. Objections to the accounting were filed by Dr. Leo M. Michalek, to which this decision is directed.
The accounting, in Schedule D, listed all of the creditors, the subjects of their claims and the amounts thereof, which totaled over $67,000. With reference to the claim of the New York State Tax Commission in the sum of $8,580.27, the accounting stated “ foregoing notice of claim indicates that ‘ the State of New York claims a priority for State taxes against the estate in accordance with law.’ ” Aside from Dr. Michalek and the New York State Tax Commission no other creditors appear herein.
The most pertinent subject to be determined in this decision related to the priority to be afforded to the State Tax Commission. The balance of the assets of the estate available for distribution are shown to be $2,795.74, against which funeral expenses, administration expenses, attorney’s fees, etc., totaling $4,354.80, are listed.
Some discussion was held in open court as to the legality of the deduction of $4,949.90 by the executrix as an estate obligation. If it should be determined that this sum was not an estate obligation then it would appear that there would be available to creditors the sum of $3,390.84. Thus it becomes important to determine the order of payment to creditors.
Decedent died in March, 1970. He was president of the Raymond Nenno Chrysler-Plymouth Corporation. While in operation of such corporation and in February, 1968 Mr. Nenno filed with the New York State Department of Taxation and Finance his sales tax return in which he stated that the summary of taxes due totaled $7,376.86. Upon this return which Mr. Nenno signed he also stated “ no funds ”. Under date of October 10, 1969, while Mr. Nenno was still alive, a notice and demand for payment of this tax was sent to him listing him as the ‘ ‘ principal officer ” and referring to a previous notice issued against the corporation wherein the sales tax was determined to be $7,376.86. *574 Thereafter, after Mr. Nenno’s death, a claim was filed with the executrix reiterating the claim, mentioning interest due and advising that the State claimed a priority of payment. Objectant disputes that the claim is a valid claim against the estate.
Section 1131 (subd. [1]) of the Tax Law states: “ (1) ‘ Persons required to collect tax ’ or ‘ person required to collect any tax imposed by this article ’ shall include: every vendor of tangible personal property or services; * * * every operator of a hotel. Said terms shall also include any officer or employee of a corporation or of a dissolved corporation who as such officer or employee is under a duty to act for such corporation in complying with any requirement of this article and any member of a partnership.”
Section 1132 (subd. [a]) of the Tax Law provides in part: “ The tax shall be paid to the person required to collect it as trustee for and on account of the state. ’ ’
The return for the sales tax was signed by decedent as president of the corporation. An assessment thereafter was issued against him pursuant to the Tax Law. It appears, therefore, that the decedent was a person legally required to collect and pay over funds collected as sales taxes in the nature of trust funds and to pay over such trust funds to the State of New York. Furthermore, under the Tax Law, a procedure is set out for the review of any tax, and no such proceeding was requested or thereafter had, and so it is presumed that the tax assessment was correct and the burden of proof would be upon one asserting that such an assessment is erroneous or illegal. (Matter of Tilsac Corp. v. Assessor of Town of Huntington, 55 Misc 2d 431.) It is axiomatic that a tax assessment is presumed to be correct (Matter of Melcroft Corp. v. Weise, 256 App. Div. 291) and that the burden of showing an assessment would be erroneous or illegal is upon the petitioner. (People ex rel. New York Cent, & H. R. R. R. Co. v. Priest, 150 App. Div. 19, affd. 206 N. Y. 274; Matter of Putnam Theat. Corp. v. Gingold, 16 A D 2d 413 [1962].)
The executrix raised no objections to any of the claims and consequently the validity of the claims is established prima facie. However, any interested parties adversely affected thereby may file objections thereto upon the judicial settlement proceeding if it appears that the claim was improperly allowed or was fraudulently or negligently paid. (Matter of Mayer, 46 Misc 2d 537; Matter of Dole, 168 App. Div. 253; Matter of Warrin, 56 App. Div. 414.)
In this court’s opinion the objectant has not sustained his burden and, therefore, it is the opinion of this court that the *575 claim of the New York State Tax Commission is entitled to its priority under SCPA 1811:
“ § 1811. Payment of debts and funeral expenses.
“ 1. The reasonable funeral expenses of the decedent subject to the payment of expenses of administration shall be preferred to all debts and claims against his estate and shall be paid out of the first moneys received by his fiduciary.
‘ ‘ 2. Every fiduciary must proceed with diligence to pay the debts of the decedent according to the following order:
“ (a) Debts entitled to a preference under the laws of the United States and the state of New York.
“ (c) Judgments docketed and decrees entered against the decedent according to the priority thereof respectively.
“(d) All recognizances, bonds, sealed instruments, notes, bills and unliquidated demands and accounts.”
The lengthy commentary following the above section in McKinney’s Consolidated Laws of New York (Book 58A, SCPA) bears out this court’s feeling that, by virtue of all the statutes hereinbefore referred to, the New York State Tax Commission’s claim is valid and entitled to priority over all other creditors.
Various administrative matters relating to this proceeding may appear to be unresolved, including the prospect of a request for fees on behalf of the objectant’s attorney for compelling the accounting and for partaking in the settlement thereof, as well as any problems concerning the $4,949.90 payment by the executrix above referred to. For this reason, and for the purposes of settling the decree herein this matter will be placed on our 10:15 a.m. calendar for the fourth day of February, 1972.