# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**382**
**CA 10-00906**
PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF JON M. LADELFA, AS
ADMINISTRATOR OF THE GOODS, CHATTELS AND
CREDITS OF CHARLES MICHAEL LADELFA,                 MEMORANDUM AND ORDER
DECEASED, PETITIONER-RESPONDENT.
-----------------------------------------
GERALD A. CONIGLIO, OBJECTANT-APPELLANT.

---

GERALD A. CONIGLIO, OBJECTANT-APPELLANT PRO SE.

---

Appeal from a decree of the Surrogate's Court, Livingston County
(Dennis S. Cohen, A.S.), entered June 15, 2009. The decree judicially
settled the account of Jon M. LaDelfa, Administrator of the Goods,
Chattels and Credits of Charles Michael LaDelfa, deceased.

It is hereby ORDERED that the decree so appealed from is
unanimously modified on the law by granting objectant's claim against
the estate and as modified the decree is affirmed without costs and
the matter is remitted to Surrogate's Court, Livingston County, for
further proceedings in accordance with the following Memorandum:
Objectant appeals from a decree of Surrogate's Court that settled the
final account of petitioner, the administrator of decedent's estate,
and, in so doing, denied objectant's claim against the estate for
unpaid rent allegedly owed to him by decedent. We agree with
objectant that the Surrogate erred in denying his claim. We therefore
modify the decree accordingly, and we remit the matter to Surrogate's
Court for further proceedings. Once objectant's claim was allowed by
petitioner, as the administrator, and no parties who would be
adversely affected by the claim filed objections thereto, the claim
was prima facie valid (*see* SCPA 1807 [1]; *Matter of Dole*, 168 App Div
253; *Matter of Mayer*, 46 Misc 2d 537, 540). Indeed, it was "just as
effective . . . as a judgment of a court of competent jurisdiction"
(*Matter of Warrin*, 56 App Div 414, 416). The Surrogate was thus
required to "confirm the allowance . . . and direct that [it] be paid"
(*Matter of Fitzpatrick*, 123 Misc 779, 781), and the Surrogate could
not require petitioner, as the administrator, to prove that the claim
was legally valid (*see Matter of Myers*, 36 App Div 625, 627; *Matter of
Wilson*, 127 Misc 518, 522-523).

To the extent that objectant raises arguments on behalf of
petitioner, who also had a claim rejected (*see generally* SCPA 1805),
those arguments are not properly before this Court because petitioner
has not taken an appeal from the decree (*see Hecht v City of New York*,

60 NY2d 57, 63).