Jane E. McLaughlin, Appellant, *v.* Edward Webster et al., as Executors, etc., Respondents.

In an action to recover an alleged unliquidated indebtedness, the defendant, under a plea of payment, is entitled to give proof of any valid agreement between the parties which would operate to discharge the debt.

In an action against executors to recover the value of services alleged to have been rendered the deceased, *held*, that defendants, under a plea of payment, were entitled to prove an agreement between plaintiff and the testator that certain devises and bequests to the former in the will of the latter should be in full payment and discharge of any claim for such services, save in case the will failed to be admitted to probate; and that as the claim was unliquidated and of a character that could be legally discharged by such an agreement, and it having been performed by decedent, and the provision made for him in the will accepted by plaintiff, a complete defense to the action was established.

The referee on trial, on application of defendants' counsel, permitted the answer to be amended by alleging the agreement. *Held*, no error; that while the amendment was unnecessary the referee had power to allow it. (Code Civ. Pro. §§ 721, 722, 723.)

On the trial, one of the executors, defendants, who was also a residuary legatee under the will, as a witness for the defense, testified to a conversation with decedent, in the presence of plaintiff. This was objected to as incompetent under the Code of Civil Procedure (§ 829). *Held*, untenable, as the Code simply excluded such testimony when sought to be given against, not when given, as here, in favor of the personal representatives of the deceased.

(Argued December 18, 1893; decided January 16, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 23, 1893, which affirmed a judgment in favor of defendants entered upon the report of a referee.

This action was brought to recover upon a claim for work, labor and services alleged to have been rendered by plaintiff for Robert Sherman, defendants' testator, during a period of thirty-eight years.

The facts, so far as material, are stated in the opinion.

*William A. Sutherland* for appellant. Satisfaction of the debt by the legacies given plaintiff in decedent's will is not pleaded as a defense. (*Patterson* v. *Patterson*, 13 Johns. 379; *Quackenbush* v. *Ehle*, 5 Barb. 469; *Todd* v. *Webber*, 95 N. Y. 181, 193.) An agreement to pay by will, and its execution by the testator in satisfaction of the claim, must be pleaded in order to be available. It is new matter. (Code Civ. Pro. § 500, subd. 2; *McKyring* v. *Bull*, 16 N. Y. 297, 304; *Fort* v. *Gooding*, 9 Barb. 371; *Wehle* v. *Butler*, 12 Abb. [N. S.] 139; 61 N. Y. 245; *Chapin* v. *Pratt*, 49 N. Y. S. R. 42; *Wallace* v. *Blake*, 40 id. 609; *Vail* v. *L. I. R. R. Co.*, 106 N. Y. 283; *Seymour* v. *McKinstry*, Id. 230.) The legacies given under the will are not expressed to be in satisfaction of any indebtedness, nor to apply upon any indebtedness. The legacies, therefore, do not reduce the indebtedness.

(*Adams* v. *Olin*, 61 Hun, 318; *Boughton* v. *Flint*, 74 N. Y. 476; *Porter* v. *Dunn*, 131 id. 314; *Reynolds* v. *Robinson*, 82 id. 103; *Parker* v. *Coben*, 10 Allen, 82.) If the will itself does not expressly make the legacies a payment of any indebt-edness, the clearest and most unmistakable proof is required of an agreement between the testator and the creditor that the debt should be so extinguished by the legacies. (*Porter* v. *Dunn*, 131 N. Y. 314; *Williams* v. *Crary*, 4 Wend. 443; *Reynolds* v. *Robinson*, 82 N. Y. 103; *Fort* v. *Gooding*, 9 Barb. 371; *Boughton* v. *Flint*, 74 N..Y. 482.) If the court is of the opinion that the amendment of the answer, made after the case was summed up, changed the nature of the pleading so as to set up a contract to pay this debt by will, which was fulfilled, then the referee committed a fatal error in allowing the amendment against the objection of the plaintiff. It intro-duced a new and inconsistent defense. (Code Civ. Pro. §§ 721, 722, 723; *N. S. Co.* v. *Sheehan*, 122 N. Y. 462; *Freeman* v. *Grant*, 132 id. 22; *Dexter* v. *Ivins*, 133 id. 551; *Hong Kong* v. *Emanuel*, 44 N. Y. S. R. 454; *Livermore* v. *Bainbridge*, 14 Abb. [N. S.] 227; *Reed* v. *McConnell*, 133 N. Y. 425; *Shaw* v. *Bryant*, 47 N. Y. S. R. 227; *McPherson* v. *Ron-ner*, 18 J. & S. 448; *Quinby* v. *Claflin*, 77 N. Y. 270; *Bald-win* v. *Rood*, 17 N. Y. S. R. 517.) It is no defense to this exception to the allowance of the amendment to say that evi-dence was allowed to come before the referee without objec-tion which tended to show an expectation on the part of the plaintiff to be provided for by the will of her employer, because the evidence was offered to disprove the contract of employment and to substantiate the defense as pleaded that the services were not those of a servant, but were gratuitously rendered. The evidence was competent upon that issue and does not authorize this amendment setting up an entirely dif-ferent and inconsistent defense. (*Dexter* v. *Ivins*, 133 N. Y. 551; *Shaw* v. *Bryant*, 47 N. Y. S. R. 227; *McPherson* v. *Ronner*, 8 J. & S. 448; *Quinby* v. *Claflin*, 77 N. Y. 270.) The referee has expressly found that on the 1st of May, 1852, when this claim commenced, the plaintiff was in the employ

of Robert Sherman, rendering for him and at his request household services; and that an agreement was at that time existing between Mr. Sherman and this plaintiff that he would pay her for the services which she was then rendering their fair and reasonable value. The legal presumption is that that relation and that contract continued during the entire period covered by this claim. (1 Greenl. on Ev. 41, 42; 1 Starkie on Ev. 36; 1 Phillips on Ev. 603; *Wallrod* v. *Ball,* 9 Barb. 271; *Cooper* v. *Dedrick,* 22 id. 516; *Meyer* v. *Hallock,* 2 Robt. 284; *Gilbert* v. *Comstock,* 93 N. Y. 484.) The fact of the rendition of the services at the request of the testator raises the presumption of a promise to pay what those services were worth. (*In re Merchant,* 25 N. Y. S. R. 268; 34 id. 1110; *Doremius* v. *Lott,* 49 Hun, 284; *Thornton* v. *Grange,* 66 Barb. 507; *Rhodes* v. *Stone,* 44 N. Y. S. R. 17; *Odell* v. *McKue,* 13 Wkly. Dig. 457.) A new trial should be ordered because of the receipt of incompetent evidence upon the trial bearing upon the questions in dispute. (*Taylor* v. *Milgrum,* 6 Civ. Pro. Rep. 235; *Gersman* v. *Wolf,* 46 Hun, 289; *Holcomb* v. *Holcomb,* 95 N. Y. 316; *Herrington* v. *Winn,* 60 Hun, 235; *Brigham* v. *Gott,* 3 N. Y. Supp. 518; *Scott* v. *Scott,* 13 N. Y. S. R. 202; *Smith* v. *Meagan,* 40 Hun, 401; *Rittenhouse* v. *Creveling,* 38 N. Y. S. R. 280; *In re Dunham,* 121 N. Y. 575; *In re Bartholick,* 35 N. Y. S. R. 730; *In re Eysman,* 113 N. Y. 62; *Pinney* v. *Orth,* 88 id. 447.)

*J. A. Stull* for respondent. To constitute error the findings of the referee must be not only inconsistent but irreconcilable with each other. (*Bonnell* v. *Griswold,* 89 N. Y. 122; *Schwinger* v. *Raymond,* 83 id. 192; *Redfield* v. *Redfield,* 110 id. 671.) The point taken by the appellant at General Term, that the decision of the referee does not conform to the allegations of the answer as amended on the trial, suggests no error for which the judgment should be reversed or a new trial granted. (Code Civ. Pro. §§ 519, 539, 540, 723; *Foote* v. *Roberts,* 7 Robt. 17; *Howdoin* v.

*Coleman*, 3 Abb. Pr. 431; *Harrower* v. *Heath*, 19 Barb. 331; *Cady* v. *Allen*, 22 id. 388; *Hudson* v. *Swan*, 7 Abb. [N. C.] 324; *K. L. Ins. Co.* v. *Nelson*, Id. 181; *Harris* v. *Tunbridge*, 83 N. Y. 92; *Bartholomew* v. *Lyon*, 67 Barb. 86; *Buckingham* v. *Dickinson*, 54 N. Y. 682; *Hoffman* v. *N. Y., L. E. & W. R. R. Co.*, 18 J. & S. 403; *Van Ness* v. *Bush*, 14 Abb. Pr. 33; *Copeland* v. *J. M. Co.*, 19 N. Y. S. R. 212; *Walsh* v. *B. S. Bank*, 26 id. 95.) Upon the actual state of facts, and in the absence of any contract to pay her wages as a mere employee, the plaintiff could not recover in this action. (*Jacobson* v. *La Grange*, 3 Johns. 200; *Shakspeare* v. *Markham*, 10 Hun, 311; *Patterson* v. *Patterson*, 13 Johns. 379; *Dye* v. *Kerr*, 15 Barb. 444; *Williams* v. *Hutchinson*, 3 N. Y. 312; 5 Barb. 123; *Robinson* v. *Cushman*, 2 Den. 149; *Wilcox* v. *Wilcox*, 48 Barb. 327; *Andrews* v. *Foster*, 17 Vt. 556; *Fitch* v. *Peckham*, 16 id. 150.) None of the exceptions taken by plaintiff on the trial to the admission or rejection of evidence, were valid or well taken. (*Holcomb* v. *Campbell*, 118 N. Y. 46; *Titus* v. *O'Connor*, 18 Hun, 373; *Pinney* v. *Orth*, 88 N. Y. 447; *McKenna* v. *Bolger*, 37 Hun, 526; *Tomlinson* v. *Seifert*, 2 N. Y. S. R. 283.) The amendment of the answer on the trial by the insertion of a single phrase was properly granted, and the exception thereto was not well taken. (Code Civ. Pro. §§ 519, 539, 540, 723, 1018; *Hunter* v. *H., R. I. & M. Co.*, 20 Barb. 493; *Myer* v. *Fliegel*, 34 How. Pr. 434; *Enright* v. *Seymour*, 8 N. Y. S. R. 356; *Van Ness* v. *Bush*, 14 Abb. Pr. 33; *Fegg* v. *Edwards*, 20 Hun, 90; *Smith* v. *Rathburn*, 13 id. 47; 75 N. Y. 122; *Chapin* v. *Dobson*, 78 id. 74; *Peysor* v. *Wendt*, 87 N. Y. 322; *O. S. Co.* v. *Otis*, 15 Wkly. Dig. 165; *Price* v. *Brown*, 112 N. Y. 677.)

O'Brien, J.  The defendants are the executors of the will of Robert Sherman, who died on the 26th of December, 1890. About the year 1844 the plaintiff, then a girl less than eleven years of age, went to live in the family of the deceased, her father having died some years before, and her mother in that

year. During the first four years she attended school a part of the time. In the year 1856 the decedent's wife died, and subsequently his two only children, who were born after the plaintiff became a member of his household. After the death of the children the family consisted of the decedent and the plaintiff and such other hired help as became necessary in the conduct and management of a small farm. The plaintiff, during all the time up to the death of the testator, was treated by him and by her friends and acquaintances as a member of his family. He paid to her, from time to time, various small sums of money, and, during the last six months of his life, in different amounts, the sum of $1,000. She seems to have been a saving and prudent woman, for at the time of the death of the testator she had on deposit to her credit in bank the sum of $3,000. During the life of the decedent she kept no books of account, made no demand for compensation, and nothing appears to indicate that the parties occupied any such relations to each other as master and servant or debtor and creditor. The plaintiff is described by the testator in his will as his adopted daughter, and in that instrument he made for her the following provisions: The sum of one thousand dollars absolutely, the income on $8,000 during her life, and the use, during her life, of the homestead and land, consisting of one and a half acres, where he lived and died, together with the household furniture, fixtures, provisions and family supplies, and also the right, at her election, of burial in the family lot in the cemetery. These bequests not only show that the deceased intended to and did make substantial provisions for the comfortable support of the plaintiff, in view of his condition and circumstances in life, but also that the relations between them were regarded as that of parent and child rather than that of master and servant. The plaintiff brought this action against the executors to recover the value of her services for thirty-eight years, from the year 1852 to the year 1890, when the testator died, and the various sums received by the plaintiff, from time to time, are treated as payments upon the debt sufficient to avoid the Statute of Limitations. The answer,

besides putting in issue all the material facts upon which the
claim is based, and interposing the Statute of Limitations as a
bar, alleged payment and set up the provisions of the will as
a defense. The learned referee before whom the cause was
tried reported in favor of the defendants, and found, as a fact,
that prior to the death of the testator it was mutually agreed
between him and the plaintiff that the bequests and devises in
her favor contained in the will, added to the payments and
benefits received from him during his lifetime, should be in full
payment, discharge and acquittance of all claims and demands
by her for compensation for any labor or services rendered by
her during the period stated in the complaint, except upon the
contingency which both plaintiff and decedent stated that they
feared might happen, that for any reason the will and codicil
might fail to be admitted to probate. The will was admitted
to probate, and the plaintiff claims all benefits under it, as well
as the right to a recovery in this action. Assuming that this
finding is warranted by the evidence, it imports that the plain-
tiff and the deceased agreed and intended that the provisions
of the will, if they became operative, should discharge any
debt that existed in her favor, and that no independent claim
as a creditor should survive against the estate. (*Sheldon* v.
*Sheldon*, 133 N. Y. 4.) These provisions having taken effect
according to the intention of the parties, they furnish a com-
plete defense to this action. We think that the finding was not
only warranted, but was a reasonable and just conclusion from
all the facts and circumstances disclosed upon the trial. The
two persons who knew most about the actual facts could not
testify. The mouth of one was closed by death and the other
by the statutory disqualification, and the referee had to base
his conclusions upon a variety of facts and circumstances that
appeared in the case, as well as upon the testimony of several
witnesses who were able to give more or less light in the pro-
gress of the inquiry. It is not necessary to comment upon the
evidence or to point out the inferences which could properly
be drawn from it. It is sufficient to say that, in our opinion,
it amply justified the view taken by the referee as to the facts,

and under the limitations which the law has imposed upon the power of this court over the facts in controversy, the finding must be deemed conclusive.

The record contains numerous exceptions, many of which have been pressed by the learned counsel for the plaintiff, as grounds of reversal, with much force and earnestness. Most of them are obviously untenable, but a few are of sufficient importance to require some notice. The first objection is that the finding of fact upon which the referee based his legal conclusions in favor of the defendant was outside the pleadings. It is doubtless true that a material fact found by a court or referee must not only be sustained by proof but by pleading as well. But the defendants had pleaded payment generally, and under that defense were entitled to give proof of any agreement between the parties in the lifetime of the testator that operated to discharge the debt. It is not necessary generally to state the particular manner in which the obligation was extinguished. Any valuable consideration moving from the debtor to the creditor which the parties agree shall operate to satisfy the debt will be given that effect, in the absence of fraud or mistake, especially in the case of debts unsettled and unliquidated. When parties agree that a debt shall be deemed paid and satisfied by a provision in favor of the creditor in a will, and that provision is made and the creditor has received the benefit of it, I see no reason to doubt that the facts may be shown under a pleading alleging payment or satisfaction generally. But the referee at the trial, on the application of the counsel for the defendant, permitted the answer to be amended by alleging the agreement to compensate the plaintiff by provision for that purpose in his will, and another of the exceptions challenges the power of the referee at the trial to allow such an amendment under the Code (§§ 721, 722, 723). This amendment made no substantial change in the nature of the defense. It was but an amplification of the plea of payment originally set up by stating the manner in which it was made, and while perhaps unnecessary, the referee had power to allow it. The plaintiff's counsel com-

plains that this was done after the proofs were all in, upon some other theory. If the power existed the time and manner of its exercise was within the discretion of the referee, and it cannot be doubted that power existed to conform the pleadings to the proofs. (Code, §§ 539, 540, 541.) There was no claim that the plaintiff was in any way prejudiced by the amendment in the production of her proofs, and it does not appear that she made any application to open the case and give further proof, which was clearly within the power of the referee to grant. It is further urged that the answer, even as amended, or the proofs given, do not show that the provisions of the will were equivalent to the debt then due. The parties had the right to agree between themselves what was the plaintiff's just due. The claim was unliquidated and of such a character that it could be legally discharged by such an agreement as the referee found, and this agreement having been executed by the decedent and accepted by the plaintiff it operates to extinguish the claim. The agreement not only provided for the manner of payment, but in legal effect liquidated and adjusted the amount of the debt. The finding fairly implies that the nature, character and extent of the provisions for her benefit contained in the will were known by or communicated to the plaintiff before the death of the testator, and that with such knowledge she agreed to accept them in satisfaction of her claim. No change having been made in the will the plaintiff has now just what she agreed to take, and I see no reason why such an agreement does not bind her in law and equity.

At the trial one of the executors, defendants, who was also a residuary legatee under the will, was called and examined as a witness for the defense. He testified that in the early part of the month of October, before the death of the testator, he had a conversation with the deceased, in the presence of the plaintiff, in which, among other things, he told the witness. what provisions he had made in his will in favor of the plaintiff, and also that she had accumulated already, by living in his family, four or five thousand dollars. This testimony was.

objected to by plaintiff's counsel as incompetent under § 829 of the Code. The referee overruled the objection and the plaintiff excepted. The objection was not well taken. The witness gave testimony and was examined, not against but in favor of the personal representatives of the deceased, concerning a personal transaction or communication between him and the deceased, in the presence of the plaintiff. The executor was examined in his own behalf with respect to the conversation, and such testimony is not prohibited by this section of the Code. The plaintiff then became a competent witness to testify in her own behalf in regard to the same transaction and to deny or explain the testimony of the executor if she could. This section prohibits parties from giving testimony in their own behalf or interest *against* the personal representatives of a deceased person, concerning a personal transaction or communication with the deceased, but it does not prohibit an executor or administrator, who is a party to the suit, from being examined in favor of the estate touching such a transaction, when the adverse party was present participating, and when it is otherwise competent. It opens the door for the admission of testimony from adverse parties that would otherwise be excluded, but if the personal representatives of the deceased elect to take such risk they have the right to do so. This applies not only to the exception mentioned, but to some others appearing on the record, and it is, therefore, unnecessary to discuss them specially. The plaintiff's counsel offered to show by a witness that a person sitting at a table in the sitting room could not hear the conversation on the porch in front of the room between the deceased and the executor which the latter testified to. The referee excluded the proof offered and there was an exception. We do not think that this ruling presents such an error of law as calls for a reversal, for the reasons: (1) The plaintiff could have been sworn on this point, and could of course have settled the question, so far as she was concerned, whether or not she actually heard the conversation or was present as the witness said she was. (2) The location and distances were

fully described, and the referee could draw the conclusion as well as the witness. The question called for an opinion which depended upon so many conditions that it could not be regarded as anything more than mere speculation. (3) The testimony of the executor was that she was actually present, or at least at a door leading to the porch closed only by a wire screen, and the opinion of a witness as to whether she could or could not hear the conversation when located at another and more distant point in the room was not admissible. It is unnecessary to discuss the other exceptions in the case. They were correctly disposed of in the court below, and even if some of the rulings against which they were directed were open to criticism the plaintiff could not possibly have been prejudiced thereby.

The judgment should, therefore, be affirmed, with costs.

All concur, except Bartlett, J., not sitting.

Judgment affirmed.