JULIA A. KLOCK, Respondent, v. FANNY BRENNAN and Another, as Executors, etc., of GEORGE B. BIXBY, Deceased, Appellants.

*Witness incompetent under section 829 of the Code of Civil Procedure — exception where the testimony is in favor of the executors — evidence as to part of a conversation entitles the opposite party to prove the rest of it.*

The exclusion of the testimony of a witness upon the trial of an action brought against the executors of an estate, upon the ground that the witness was not competent to testify under the provisions of section 829 of the Code of Civil Procedure, is erroneous, although the witness was an executrix of and a legatee under the will of the testator, where she was called as a witness to testify not against but in favor of such executors.

Where a witness, in behalf of one of the parties to an action, gives evidence as to a conversation, the adverse party has the right to give in evidence by a different witness any further part of such conversation which would in any way explain or qualify that portion thereof already introduced in evidence by the adverse party.

APPEAL by the defendants, Fanny Brennan and another, as executors, etc., of George B. Bixby, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 21st day of September, 1893, rendered upon the report of a referee, with notice of an intention to bring up for review upon such appeal all rulings, facts, findings, refusals to find, exceptions, orders and the said judgment.

*J. W. Houghton*, for the appellants.

*Jesse Stiles*, *J. S. L'Amoreaux* and *L. Varney*, for the respondent.

HERRICK, J.:

This is an action by the plaintiff against the defendants as executors of the estate of George B. Bixby, deceased, for the board, care and attendance by the plaintiff of a sister of George B. Bixby, for which the plaintiff alleges the defendants' testator, George B. Bixby, agreed to pay.

The case was tried before a referee, who rendered judgment in favor of the plaintiff and against the defendants, from which judgment the defendants appeal to this court.

Upon the trial it appeared that the sister of said Bixby, named

Electa, for whose care and attendance this action was brought, had lived for a number of years with her brother, until about April, 1882, when, being upwards of eighty years of age, sick and infirm, she left or was taken from the house of the said George B. Bixby to that of the plaintiff, and was there maintained and cared for, as plaintiff claims, under an agreement on the part of said Bixby to pay the plaintiff therefor. This agreement was sought to be established by alleged admissions made by Bixby, and by the direct testimony of at least one witness.

The defendant Fanny Brennan was placed upon the stand as a witness in behalf of the defendants, to testify as to a conversation that took place between one Benjamin Cady, a witness sworn upon the trial in behalf of the plaintiff, and George B. Bixby, at the time when it was proposed to take Bixby's sister to the house of the plaintiff. The testimony proposed to be given by such witness was objected to on the ground that the witness was not competent to give evidence in this action under section 829 of the Code, as she was the executrix of, and also a residuary legatee under, the will of the said George B. Bixby, which will was introduced in evidence upon the trial, and that the evidence proposed to be given was improper, immaterial and irrelevant.

This exclusion of the testimony of the witness Fanny Brennan, although she was an executrix of, and a legatee under, the will of the said George B. Bixby, upon the ground that she was not a competent witness, was error. She was not a witness against, but in favor of the executors, and as such, was competent. (*McLaughlin* v. *Webster*, 141 N. Y. 76.)

The testimony offered to be given by the witness Fanny Brennan I think was material. The witness Benjamin Cady, sworn for the plaintiff, had testified that he had visited the house of the testator Bixby, had spoken to his sister in reference to going with Mrs. Klock, the plaintiff, and then asked the testator "if he had any objection to her going, and he said he had not." He subsequently testified that Bixby called that same evening to see his sister, and that he heard him say to the plaintiff, "Take good care of Electa, and you shall have your pay for it." That he saw Bixby the next day, and Bixby told him to tell the plaintiff "to take good care of Electa, and she should be well paid for it."

Upon the cross-examination, after again repeating that Bixby said that he had no objection to his sister going with the plaintiff, he was asked the following questions : " Q. Didn't he say to you then that there were enough people in the house to take care of her, and if not, he would get more ? A. Not to my recollection, not to my knowledge, he didn't make that remark. Q. And didn't he say further that if you or Mrs. Klock took her away, never to expect anything more from him ? A. No, sir ; I will swear positively I did not understand him to say that ; he did not say so, not that I heard."

After proving that the witness Fanny Brennan was present at the interview between the witness Benjamin Cady and the testator Bixby the witness was asked what was said by Benjamin Cady and the testator Bixby at such interview ; and it was offered to show by her at such interview, that Bixby said to Cady, that his sister Electa " could stay at his house if she wanted to ; that it had always been her home ; that he didn't want her to go away ; that if there wasn't help enough about the house 'to take care of her that he would get more ; that if she needed a doctor he would send for one, but that if she went away he washed his hands of the whole transaction, and they need never look for him for anything for her support or care ; and they must never run any bills against him ; that he was willing to take care of her as his sister, but that if she left he would do nothing for her, nor pay any bills in her behalf."

The witness being competent, as we have seen, and the plaintiff having by the witness Cady given in evidence part of the conversation, the defendants had a right to give in evidence any other or further part of the conversation which would in any way explain or qualify that portion introduced by the plaintiff. (*Rouse* v. *Whited,* 25 N. Y. 170 ; *Platner* v. *Platner,* 78 id. 90 ; *People* v. *Beach,* 87 id. 508–512 ; *Grattan* v. *M. L. Ins. Co.,* 92 id. 274–284.)

Again, it was competent and material for the purpose of contradicting the witness Cady, not only as a direct contradiction, but also as showing the improbability of the story he told ; according to his testimony, Bixby, upon the occasion of his sister being taken away, expressed his willingness that she should go, and on the evening of the same day made an express promise to pay for her care and maintenance. The testimony offered upon the part of the defendants of the conversation had in reference to her leaving Bixby's

house, not only contradicted that given by the witness Cady, but, if believed, might well be taken in consideration by the jury in determining whether, after making such strong expressions of his willingness to care for his sister at his own house, and refusing to pay for her care elsewhere, it was probable that, on the evening of the same day, he should so utterly and entirely change his mind as to make an express promise to pay for her care and maintenance at the plaintiff's.

The views herein expressed as to the competency of the witness Fanny Brennan, and the materiality of the evidence offered through her, applies as well to the witnesses James Brennan and Eliza Streeter, sworn upon the part of the defendants, and whose testimony in relation to the conversation hereinbefore referred to between the witness Benjamin Cady and the testator Bixby was excluded by the referee because of the supposed incompetency of the witness under section 829 of the Code.

For these errors the judgment should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., concurred in result; PUTNAM, J., not acting.

Judgment reversed, referee discharged, new trial granted, costs to abide the event.