GEORGE STIRNA, Respondent, v. WILLIAM M. BEEBE, Appellant.

*Defense, to a claim for services, to the extent of the value of rent and provisions furnished the servant — they need not be counterclaimed.*

Where, in an action brought to recover for the value of the plaintiff's services, it appears that the plaintiff worked for the defendant by the month, and that, concurrently with the performance of his services, he was furnished by his master, the defendant, with provisions and given the use of certain property, the master, although he has not interposed any counterclaim based upon the articles furnished, is entitled to prove the value of these articles in reduction and satisfaction, *pro tanto*, of the claim of the servant.

APPEAL by the defendant, William M. Beebe, from a judgment of the County Court of the county of Suffolk, entered in the office of the clerk of the county of Suffolk on the 4th day of August, 1896, upon the report of a referee.

*George F. Stackpole*, for the appellant.

*Timothy M. Griffing*, for the respondent.

PER CURIAM:

The action was brought to recover the balance due to the plaintiff for services performed by him for the defendant. He, by the complaint, alleges that the amount due him for such services is $373.35. The defendant, by his answer, denies such allegation, admits that the plaintiff performed services for him between January 1, 1894, and January 25, 1896, to the amount of $611, and alleges

that he has paid the plaintiff on account of them $508.71, leaving due the plaintiff the balance of $102.29. The plaintiff recovered $171.04 and interest. The services were performed for the defendant on his farm and extended through a period of two years. There is no controversy about the labor performed or the measure of compensation to which the plaintiff was entitled. The question presented arose on exceptions taken to the exclusion of evidence offered by the defendant. He was permitted to prove payments in money made to or for the plaintiff at his request, but it seems that evidence to the effect that the defendant furnished to the plaintiff other things for his purposes and use at his request was excluded. Some of the questions calling for such evidence may have been objectionable in form, but there is some indication in the record that the evidence of that character was deemed as not within the alleged defense of payment and was the subject of counterclaim merely. No counterclaim as such was alleged. When this question was raised, by a ruling made in that respect early in the trial, the defendant made a motion to amend by alleging facts constituting a counterclaim. This was denied, and, in consequence of the want of it in the answer, evidence of the character above mentioned was excluded, and properly so, unless it could be treated as that of payment. It is true that generally the sale of property or the furnishing of it by one person to another for his use at his request on credit, express or implied, constitutes a mere claim for the value of it or of its use. But the relation of the parties at the time may be such as to indicate or permit the inference that the things so furnished were supplied and taken to be applied upon, or on account of, an existing claim and in satisfaction of it *pro tanto*. That view is permitted by the situation of the parties in the present case. The plaintiff was at work for the defendant by the month. He had a family. The things to which the excluded evidence related were pork, potatoes, etc., as well as the use of property furnished by the defendant to the plaintiff while he was so engaged in the service of the defendant. Under such circumstances the inference was fairly warranted that whatever was furnished by the defendant to the plaintiff at his request and for his use, concurrently with the performance of the service, was furnished and had and received on account of and in payment upon the wages earned by the plaintiff

in such service, and, therefore, the evidence referred to was rendered admissible by the alleged defense of payment.

It follows that the judgment should be reversed and a new trial granted before another referee, costs to abide the event.

All concurred.

Judgment reversed and new trial granted before a new referee, costs to abide the event.