### WAKEFIELD v. WAKEFIELD.

(Supreme Court, Appellate Term. April 24, 1905.)

1. TRANSACTIONS WITH DECEDENT — EXECUTOR AS WITNESS — COMPETENCY — STATUTE.

Under Code Civ. Proc. § 829, which prohibits parties from testifying in their own behalf against the personal representatives of a deceased person concerning a personal transaction with deceased, an executor, as plaintiff, is not prevented from testifying in favor of the estate concerning a conversation with his testatrix in which defendant participated.

2. EXECUTORS—ACTION TO RECOVER MONEY DUE ESTATE—EVIDENCE—ADMISSIBILITY.

In an action by an executor to recover a sum alleged to have been loaned by his testatrix to defendant, testimony as to a conversation between testatrix and defendant, at which witness was present, tending to show the fact of the loan having been made, was admissible.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 696.]

Appeal from City Court of New York, Special Term.

Action by George R. Wakefield, as administrator of Mary A. McClaughry, deceased, against Arthur C. Wakefield. From a judgment in favor of defendant and an order denying a motion (92 N. Y. Supp. 399) for a new trial, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Mayer & Gilbert (A. S. Gilbert, of counsel), for appellant.

Emmet & Robinson (Grenville T. Emmet, of counsel), for respondent.

SCOTT, P. J. The judgment in the court below proceeded upon a misapprehension and misapplication of section 829 of the Code of Civil Procedure. The plaintiff and defendant are brothers, and Mary A. McClaughry, now deceased, of whose estate plaintiff is administrator, was their sister. The complaint alleges that the decedent in her lifetime loaned defendant the sum of $1,500, which he promised to pay on demand, but has not paid. The answer denies that such a loan was made, but sets up no affirmative claim against the estate. On the trial the plaintiff undertook to prove the fact of the loan by testifying to a conversation at which he was present between the decedent and the defendant. This evidence was objected to by defendant and excluded upon the ground that it was an attempt to introduce evidence of a personal transaction with a deceased person by a party interested in the estate. Subse-

quently the learned justice who presided at the trial entertained a motion for a new trial, which he denied, writing a somewhat elaborate opinion reaffirming the ruling made upon the trial. This precise question has recently been directly passed upon by the Court of Appeals. McLaughlin v. Webster, 141 N. Y. 76, 35 N. E. 1081. In that case the plaintiff made a claim against the estate of a deceased person for whom the defendant was not only an executor, but also one of the residuary legatees. This defendant was examined as a witness in his own behalf touching a conversation which he had with the deceased in his lifetime in presence of the plaintiff. The same objection was taken as in the present case, and overruled, and this ruling was approved. In the course of the opinion the court said:

"This section [S29] prohibits parties giving testimony on their own behalf or interest against the personal representatives of a deceased person concerning a personal transaction or communication with the deceased, but it does not prohibit an executor or administrator, who is a party to the suit, from being examined in behalf of the estate touching such a transaction, when the adverse party was present participating, and when it is otherwise competent. It opens the door for the admission of evidence from adverse parties that would otherwise be excluded, but if the personal representatives of deceased elect to take such risk they have the right to do so."

Except that the administrator in this case is plaintiff and the executor in that case was defendant, which, of course, does not affect the principle involved, the case above cited is on all fours with the present case, with the single difference that, so far as the record shows, the defendant here is not a person deriving or claiming any title or interest from, through, or under the deceased. He does not admit that the decedent gave him money, and that for any reason he is entitled to retain it. He simply says that she did not loan him the sum sued for. The evidence offered was clearly admissible, and should have been received, and for its exclusion the judgment and order appealed from must be reversed, with costs and a new trial granted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.