CHARLES L. KINGSLEY, Respondent, *v.* CHARLES S. WITWER, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1920.)

Negotiable instruments — bills, notes and checks — evidence — payment — contracts.

> In an action against the maker of a promissory note the defendant under a plea of payment is entitled to show that

Appellate Term, First Department, March, 1920.        [Vol. 110.

after the making and maturity of the note he had rendered services to plaintiff under an agreement that the value of such services should be applied in payment of the note.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, entered in favor of the plaintiff.

Charles S. Witwer, for appellant.

Adolph Bangser, for respondent.

LEHMAN, J. The plaintiff has recovered judgment upon a note for $100 made and delivered by the defendant. The defendant pleaded payment of the note prior to the commencement of the action, and upon the trial endeavored to sustain his defense by testimony that after the making and maturity of the note he had rendered services to the plaintiff, upon the plaintiff's agreement that the value of such services should be applied in payment of the note. This testimony was excluded upon the ground that it was not admissible under the plea of payment, although it might sustain a cause of action in favor of the defendant which he could have pleaded as a counterclaim.

Under well-established authority the exclusion of this evidence was erroneous. In the case of *Uvalde Asphalt Paving Co.* v. *National Trading Co.,* 135 App. Div. 391, 396, the court stated: "The rule formerly was that under a simple plea of payment, payment in money or its equivalent only can be shown, and that where a claim of payment was based on a special agreement growing out of an independent contract, it was necessary to specially plead the facts (*Morley* v. *Culverwell,* 7 M. & W. 174, cited and followed in *Jennings* v. *Osborne,* 2 C. C. Rep. 195), but the rule now

seems to be that under a general plea of payment, proof of any agreement between the parties for the payment and discharge of the obligation and of its performance, which according to the agreement of the parties, operated to discharge the debt, may be shown. (*McLaughlin* v. *Webster,* 141 N. Y. 76, 83; *Farmers & Citizens Bank* v. *Sherman,* 33 id. 69; *Stirna* v. *Beebe,* 11 App. Div. 206.)'' There may be some doubt as to whether evidence of an agreement for the payment and discharge of the obligation other than in the form of money paid at its maturity would tend to vary the terms of the note if such agreement is made at the time the note is given, but in this case no such objection can be raised, for the alleged agreement for the discharge of the note was made after the execution of the note. The defendant seeks to sustain the ruling of the trial judge on the ground that the services which the defendant claims to have rendered under the agreement for the discharge of the debt were rendered after the maturity of the note. After the maturity of the note the defendant was still indebted to the plaintiff on the note, and the payment of any money to extinguish the note could have been shown under the plea of payment and in the same way the performance of an agreement between the parties for the payment and discharge of the obligation operated to discharge the debt and can be shown under the plea of payment under the authority of the cases cited above.

Judgment should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

FINCH and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.