In the Matter of the Application for the Sale of the Real Property of HUGH C. FITZPATRICK, Deceased.

Surrogate's Court, Clinton County, October 15, 1924.

Executors and administrators — claims against estate — administrator allowed claims of intestate's children involving personal services and sums paid on behalf of decedent but did not pay claims — failure of counsel for attorney-general, acting as attorney for incompetent son, to contest claims on ground of fraud or negligence of administrator — claims properly allowed by administrator and should be paid pro rata — testimony of claimant and administrator as to conversations had with deceased concerning claims not prohibited by Civil Practice Act, § 347 — administrator not " interested in the event," within meaning of Civil Practice Act, § 347.

Whenever a claim is presented to and allowed by an administrator or an executor, it *prima facie* establishes the validity of the claim in favor of the party presenting it, and the burden of showing that the claim is not a valid debt against the estate is upon the party who objects to the payment.

Accordingly, claims of two children of the deceased involving sums paid out in his behalf and for personal services, allowed by the administrator but not paid by him pending the determination of the objections to his accounting, should be paid *pro rata*, where it appears that no evidence was offered by the counsel for the attorney-general, acting as attorney for an incompetent son of the decedent, to show that the claims were fraudulently or negligently allowed by the administrator, since in the absence of such proof the Surrogate's Court ordinarily confirms the allowance and directs that the claims be paid.

Evidence offered by the administrator on behalf of himself and by one of the claimants on behalf of the administrator as to conversations had with the deceased concerning the claims, was properly received within the scope of section 347 of the Civil Practice Act, since the only effect of the reception of the evidence was to open the door for the admission of testimony by the contestant that otherwise would have been excluded.

Moreover, when a claim has been allowed but not paid, an executor or administrator is not a " person interested in the event " within the meaning of the statute so as to prohibit him from testifying as to the facts which were ascertained and known to him before allowing the claim.

PROCEEDING on two contested claims in an application for the sale of deceased's real property to pay debts.

Surrogate's Court, Clinton County, October, 1924.          [Vol. 123

*Jeremiah W. Davern,* for Philip T. Fitzpatrick, sole administrator.

*Harry P. Kehoe,* for the attorney-general of the state of New York.

*Egbert C. Everest,* as special guardian for Robert E. Fitzpatrick, an incompetent.

Harrington, S.   The deceased, Hugh C. Fitzpatrick, died intestate on September 28, 1923, a resident of Clinton county.   Letters of administration were duly issued to the deceased's son, Philip T. Fitzpatrick, on December 10, 1923.   Said administrator duly advertised for claims against the estate and the period of so advertising for said claims expired June 10, 1924.   The estate of the deceased consisted solely of real property of the appraised value of $2,500.

The funeral expenses of the deceased amounted to $240 and the bill of the family physician amounted to $207.75.   Marguerite Fitzpatrick, a daughter of the deceased, presented a bill against the estate of $600 for sums paid by her on behalf of the deceased for his benefit.   Mary Fitzpatrick, another daughter of the deceased, presented a bill against the estate of $1,969.50 for personal services rendered by her for nursing and caring for the deceased.   All of said claims were duly allowed by the administrator.   As the deceased died possessed of no personal property, the administrator applied to this court for permission to sell the real property of the estate for the purpose of paying the aforesaid debts aggregating $3,017.25.

Robert E. Fitzpatrick, a son of the deceased, is an inmate of the St. Lawrence State Hospital at Ogdensburg, N. Y.   A citation in the matter was, therefore, served, among others, on the attorney-general of the state of New York.   The attorney-general duly appeared through counsel and objected to the allowance by the administrator of the two claims presented by the daughters of the deceased, but asked that the hearing in the matter be adjourned to a later date.   As in any event the sale of the deceased's real property would be necessary in order to pay the undisputed claims against the estate, an order was entered directing the administrator to sell the real estate but to hold the proceeds thereof until the further order of this court.   No objection was made to the allowance of the claim for funeral expenses and medical services.   The attorney for the administrator duly filed verified claims as allowed by the administrator.   He also had the administrator testify as to conversations had by him with the deceased, in which the deceased advised him that he owed his daughter Marguerite $600, mentioning the nature of the indebtedness.   The administrator also testified as to the nature and period of the care and nursing rendered

the deceased by Mary Fitzpatrick. The attorney for the administrator also called Marguerite Fitzpatrick as a witness, who testified as to the conversations had by her with the deceased, in which the deceased stated that he wanted his daughter Mary to be paid for her services in caring for him; she also testified as to the nature and period of the services rendered by her sister Mary. All of this testimony was taken under objection and exception by the counsel for the attorney-general, on the ground that said testimony was prohibited by section 347 of the Civil Practice Act, as being transactions between the deceased and interested parties to this proceeding. No evidence was offered by the counsel for the attorney-general to show that these contested claims were fraudulently or negligently allowed.

It is well settled that whenever a claim is presented to and allowed by an administrator or an executor, it *prima facie* establishes the validity of the claim in favor of the party presenting it, and the burden of showing that the claim is not a valid debt against the estate is upon the party who objects to the payment. *Matter of Warrin*, 56 App. Div. 414; *Matter of Goepel*, 200 id. 678; *Farrell* v. *Farrell*, 206 id. 209. From these cases it would seem that it was only necessary in this proceeding for the administrator to file these verified claims with the court and state that he had allowed them. In the absence of further evidence by the contestant that such claims were fraudulently or negligently allowed, the court would ordinarily confirm the allowance of the same and direct that they be paid.

However, and presumably to show the good faith of the administrator in so allowing these claims, his attorney voluntarily offered in evidence the same facts on behalf of the administrator, for the purpose of sustaining the allowance of these claims as were known to the administrator before he so allowed them.

In this proceeding the administrator was examined in his own behalf and his testimony does not fall within that prohibition of section 347 of the Civil Practice Act as to evidence being given of a transaction with a deceased person as *against* his executor or administrator, etc. In fact, on this point the statute clearly states that when the representative of a deceased does so testify in his own behalf, then other evidence may be given in regard to the same transaction or communication.

The only ground for prohibiting such testimony in this proceeding is that the administrator is such a " person interested in the event " within section 347 of the Civil Practice Act, as to prevent him from giving the testimony offered. It is well settled that when an executor or administrator has paid a claim and the

same is objected to on his accounting proceedings, and he is sought to be surcharged with said payment, he cannot testify in his own behalf in regard to transactions with the deceased affecting said claim, for the reason that in such a case he is a " person interested in the event," for, if the objections of the contestants in such a case are upheld, then the executor or administrator must personally reimburse the estate for the claim so paid by him. But even in such a case, it is held that the executor or administrator may call as a witness in his behalf the payee of such a claim, on the theory that in such a proceeding the payee is not a " person interested in the event." *Matter of Smith*, 153 N. Y. 124; *Matter of Goss*, 98 App. Div. 489; *Matter of Mulligan*, 82 Misc. Rep. 336; affd., without opinion, 165 App. Div. 912; affd., without opinion, 216 N. Y. 720; *Matter of Knibbs*, 108 App. Div. 134; *Matter of Lese*, 176 id. 744, 746. It has also been held that where upon an accounting by an executor or administrator it is sought to surcharge him with property not inventoried as assets of the estate, said representative may call as a witness on his behalf the person claiming the property (*Matter of Herrington*, 73 Misc. Rep. 182), and may also testify himself as to his personal knowledge respecting ownership of the property, and as to personal communications and transactions which he had with the deceased pertaining thereto. *Matter of Swiller*, 205 App. Div. 302, 307. It seems difficult to reconcile these last two cases with the previously cited cases in this matter. For example: When an executor or administrator is sought to be surcharged with a claim of $25 against an estate, paid by him, or when it is sought to surcharge him with property valued at $5,000, not inventoried as assets of the estate, the object of the proceeding is the same in either case, namely, to determine whether the payment of the claim presented or the failure to inventory the alleged assets of the estate has unjustly deprived interested parties of their interest in assets of the estate, and whether the executor or administrator has been negligent in the performance of his official duties. In the former case it would seem from the decisions previously cited that the representative might call the payee of the claim to testify in his behalf, but could not testify himself in his own behalf; in the latter case it would seem from the last two mentioned cases that the representative could not only call the donee of the property as a witness in his behalf but could himself testify in his own behalf as to his personal knowledge respecting the ownership of the property not inventoried and as to personal communications and transactions had by him with the deceased. If an executor or administrator can protect himself in such a proceeding by testifying in his own behalf as to

why he did not inventory as assets of the estate property valued at $5,000, it would seem that he should be allowed to testify in his own behalf as to why he paid a claim of $25 against the estate.

It would not seem that in this proceeding the administrator was a " person interested in the event " within the meaning of section 347 of the Civil Practice Act, so as to prevent him from testifying in his own behalf. Section 210 of the Surrogate's Court Act provides that when an administrator or executor allows a claim or debt against an estate, the validity of such claim or debt is thereby established. Said section further provides that when a claim has been so allowed, a party adversely affected thereby may file objections thereto and may show that the claim or debt was fraudulently or negligently allowed or paid. This section then continues as follows: " If the surrogate shall sustain the objections in a case where the claim or judgment has not been paid, the claim shall be deemed to be rejected by the accountant at the time of such determination. * * * "

In other words, where a claim has been allowed but not paid, and the matter comes before the surrogate, the surrogate is limited in his consideration of the question of merely whether the claim was allowed fraudulently or negligently; and if his decision should be in favor of the contestant, then the only effect of the same is that the claim " shall be deemed to be rejected by the accountant at the time of such determination." Surrogate's Court Act, § 210; *Matter of Dorland*, 100 Misc. Rep. 236, 245, 246. As a result of such a proceeding, the executor or administrator would not become personally liable to the claimant, for the reason that the claimant would then stand in the same position as though his claim had been rejected by the executor or administrator, and he would have his proper remedy by suit to establish his claim against the estate. For these reasons, it would seem clear that in such a proceeding as mentioned above, and which is identical with the case at bar, an executor or administrator would not be a " person interested in the event " so as to prohibit him from testifying as to the facts which were ascertained and known to him before allowing the claim. Such a case is clearly distinguishable from one in which the executor or administrator has paid a claim and the contestants seek to surcharge him with the amount so paid. In the latter case the representative is clearly a " person interested in the event " and prohibited from testifying in his own behalf.

The evidence offered by the administrator on behalf of himself and that of Marguerite Fitzpatrick on behalf of the administrator was proper and is not prohibited by section 347 of the Civil Practice Act. Its effect was to open the door for the admission

of testimony by the contestant that otherwise would have been excluded; the contestant could then have offered evidence against the administrator involving the same transaction or communication to which the administrator had already testified in his own behalf, but not to another and independent personal transaction with the deceased for the purpose of explaining or contradicting the testimony so given. *Klock* v. *Brennan*, 82 Hun, 262, 264; *Jones* v. *Perkins*, 29 App. Div. 37, 43; *McLaughlin* v. *Webster*, 141 N. Y. 76, 84, 85; *Martin* v. *Hillen*, 142 id. 140, 144, 145; *Rogers* v. *Rogers*, 153 id. 343, 350.

I, therefore, decide that said claims were not fraudulently or negligently allowed, but were justly and properly allowed and should be paid by the administrator *pro rata* with the other non-preferred claims against the estate from the proceeds of the sale of the deceased's real property.

Decreed accordingly.