Jambs S. Brown,
Justice of the Supreme Court and Acting Surrogate. A claim for board, lodging and related services allegedly rendered to the decedent (a sister-in-law of claimant) was allowed but not paid by the administrator (the husband of claimant). The allowance of said claim was scheduled by the administrator in his accounting and objections to said allowance were filed by three distributees. If the claim is sustained there will not be any funds available for distribution to the decedent’s distributees.
The objections originally filed were defective as the objectants voluntarily appeared by an attorney whose authority to file the objections was not evidenced by formal authorizations (Surrogate’s Ot. Act, §§ 63, 41, subd 3, par. c; Matter of Harris, 282 App. Div. 117; Matter of Blumenstiel, 248 App. Div. 533). Those defects were corrected by the filing on December 23, 1960 of duly executed authorizations by the objectants to their attorney to appear on their behalf. On that same day, the administrator and the claimant filed their joint demand for a jury trial and paid the required fee therefor.
The issues raised by the objections were referred to a Referee to hear and report. The administrator and claimant now move for an order granting a jury trial to the claimant, and if it be denied, that leave be granted to appeal to the Appellate Division. The objectants cross move for an order to strike out the demand for a jury trial.
Section 210 of the Surrogate’s Court Act provides that: < * Whenever upon any accounting * * * the * * * administrator admits and allows a claim * * * against the deceased * * * the validity of such claim * * * shall be thereby established. When such a claim * * * has been so admitted or allowed * * * whether * * * paid or not, any party adversely affected thereby may file objections thereto and may show that the claim * * * was fraudulently or negligently allowed * * *. If the surrogate shall sustain the objections in a case where the claim * * * has not been paid, the claim shall be deemed to be rejected by the accountant at the time of such determination, and the time between the presentation of the claim * * * and the time *939 of such, determination, shall not he a part of the time limited in this act for commencing an action thereon.” The allowance of the claim by the administrator established prima facie its validity (Matter of Warrin, 56 App. Div. 414; Matter of Dole, 168 App. Div. 253). and its validity can only be challenged upon the ground that it did not exist in fact, or that it was fraudulently or corruptly allowed, and the burden of such attack rests upon the objectant (Matter of Warrin, supra).
The court is therefore limited to a consideration of the question of merely whether the claim was allowed fraudulently or negligently (Matter of Fitzpatrick, 123 Misc. 779, 783; Matter of Dorland, 100 Misc. 236, 245) and the claimant is not required to participate in the trial of those objections. Should the allowance of the claim be not sustained, the claimant will then be in the same position as she would have been had the claim been initially rejected by the administrator (Matter of Fitzpatrick, supra; Matter of Borland, supra; Matter of Soll, 53 N. Y. S. 2d 215; Michaels v. Flach, 197 App. Div. 478); that is, she may institute suit in another forum within three months thereafter (Surrogate’s Ct. Act, § 211), where she may demand and be entitled to a jury trial as a matter of right.
There is, however, no statutory right to a trial by jury in an accounting proceeding in the trial of objections to an asserted claim (Matter of Boyle, 242 N. Y. 342) and in the circumstances present limiting the court’s consideration of the objections relative to the claim, the court will not exercise its discretionary right to order a jury trial (Surrogate’s Ct. Act, § 68).
The motion for an order granting the claimant a trial by jury is accordingly denied. The claimant also moved that if said motion be denied, that leave to appeal therefrom to the Appellate Division be granted. The right to appeal is governed by statute and is not subject to any discretionary right reposed in the court to grant or deny such relief.
The objectants’ cross motion to strike out the jury demand is granted. This matter will proceed before the Eeferee to take proof in accordance with the foregoing determination.