# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

---

EMILY RODGERS MOLLER, as Administratrix, etc., of HAROLD
G. MOLLER, Deceased, Appellant, *v.* MAUD E. W. PAULO-
VICO, Respondent, Impleaded with MARGARET W. KENNEDY,
Defendant.

First Department, December 19, 1919.

Evidence — Code Civil Procedure, section 829, construed — suit by
administratrix for conversion — testimony as to claim of title and
to declarations of decedent — motion for leave to withdraw juror.

In an action for the conversion of the property of an estate brought by an
administratrix in her official capacity she is entitled to testify that she
owned the property as administratrix, and it was error to exclude the
evidence as within the prohibition of section 829 of the Code of Civil
Procedure.

So too, it was error to strike out testimony by the plaintiff as to declarations
made by the decedent in the defendant's presence claiming ownership of
the property.

*Held*, that under the circumstances disclosed by the record the court should
have permitted the plaintiff to withdraw a juror upon terms.

APPEAL by the plaintiff, Emily R. Moller, as administratrix,
from a judgment of the Supreme Court in favor of the respond-
ent, entered in the office of the clerk of the county of New
York on the 20th day of May, 1919, upon a dismissal of the
complaint at the close of the plaintiff's case on a trial before
a jury.

APP. DIV.—VOL. CXC.     1

*E. C. Crowley,* for the appellant.

*Arthur J. Westermayr* of counsel [*Le Roy D. Ball,* attorney], for the respondent.

PHILBIN, J.:

This is an action for conversion. The complaint alleges that on November 23, 1915, plaintiff was the owner of and entitled to the possession of certain money, consisting of bank bills and coin, and certain railroad bonds; that on that day the defendants unlawfully and wrongfully took and carried away said property and converted it to their own use, to plaintiff's damage. The defendant Kennedy was not served and the defendant, respondent, Paulovico put in a general denial. At the conclusion of the plaintiff's case she moved for leave to withdraw a juror. The application was denied and, on motion of defendant Paulovico, the court dismissed the complaint.

The appellant bases her appeal upon errors said to have been committed in the rulings upon evidence and the denial of the motion to withdraw a juror.

The plaintiff sued to recover the said property on the ground that it belonged to her husband at the time of his death. She was asked by her counsel the following question: " Q. As such administratrix, were you on or about the 23rd of November, 1915, the owner of the property described in paragraph 1 of the complaint herein? " Objection was made on the ground that the question necessarily involved a transaction with the deceased and that the witness claimed title through her letters of administration and was, therefore, incompetent. The witness said that she was suing as administratrix. The court thereupon sustained the objection and exception was taken. This was clearly error, as no testimony within the prohibition of section 829 of the Code of Civil Procedure was called for by the question. The witness was not being examined in her own behalf against the legal representative of the deceased person. She herself was the legal representative and endeavoring to perform her duty as administratrix in seeking to recover property alleged to belong to the estate. A similar ruling upon the same ground was made on motion to strike out testimony of plaintiff that her husband

declared in defendant's presence that " it all belonged to him." The answer was not completed owing to plaintiff's being interrupted by respondent's motion. Apparently the witness was referring to the property in question. The court granted the motion under section 829, and an exception was duly taken. The motion should not have been granted. The personal representative was not prohibited by the section from testifying in her own behalf as to what occurred when respondent was present. (*McLaughlin* v. *Webster*, 141 N. Y. 76, 84.) While the proof thus excluded might not of itself have been sufficient to establish plaintiff's case, it was unquestionably material and, taken with other facts, might have presented a question for determination by the jury. Such other facts might readily have been shown if the motion to withdraw a juror had been granted. We think that, under the circumstances disclosed by the record, the trial court, in the exercise of a sound discretion, should have permitted the withdrawal of a ' juror upon terms. Other conversations between plaintiff and defendant were improperly excluded.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.