MAUD E. W. (MOLLER) PAULOVICO, Respondent, v. EMILY RODGERS MOLLER, as Ancillary Administratrix, etc., of HAROLD G. MOLLER, Deceased, Appellant, Impleaded with EMMA L. MOLLER and LINCOLN SAFE DEPOSIT COMPANY, Defendants.

First Department, December 19, 1919.

Evidence — Code Civil Procedure, section 829, construed — transactions with decedent — distinction between testimony by claimant and testimony by administratrix seeking to protect estate.

In an action of replevin brought against an administratrix to recover possession of securities contained in a safe deposit box which the plaintiff claimed she delivered to her mother, also deceased, for safekeeping, it was not

error for the court to refuse to allow the defendant administratrix to testify as to conversations between her intestate husband and his mother to whom the property was given for safekeeping for it would have been testimony given by a party and a person interested in the event, in her own behalf and interest, against a person claiming to derive her title and interest through the other deceased person, that is to say, the mother.

But in the said action it was error to refuse to allow the defendant administratrix to testify as to transactions with her husband, the intestate, prior to his decease and to refuse to allow her to state that after her marriage she saw the securities in his possession and also that she saw them in the safe deposit box belonging to the intestate. This, because the administratrix was not making a claim against the estate but, on the contrary, was endeavoring to establish her title as legal representative.

APPEAL by the defendant, Emily Rodgers Moller, as ancillary administratrix, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on or about the 18th day of June, 1919, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 7th day of February, 1919, denying defendant's motion for a new trial made upon the minutes.

*E. C. Crowley,* for the appellant.

*Arthur J. Westermayr* of counsel [*Le Roy D. Ball,* attorney], for the respondent.

PHILBIN, J.:

This action involves practically the same parties as the case of *Moller* v. *Paulovico* (190 App. Div. 1), opinion in which is handed down herewith, except that the parties are here interchanged. However, outside of the fact that both cases involve the construction of section 829 of the Code of Civil Procedure, they are separate and distinct.

The plaintiff brought this replevin action to obtain possession of certain railroad bonds, which were in a safe deposit box in the vault of the defendant Lincoln Safe Deposit Company. This box was in the names of the appellant's intestate, Harold G. Moller, and the defendant Emma L. Moller, both of whom were dead when the action was tried. The complaint alleges that plaintiff is the owner of the securities, which she claims were deposited in the box by Emma L. Moller at the plaintiff's

request for the purpose of safekeeping and that they are unlawfully detained by the appellant, Emily Rodgers Moller, widow and administratrix of Harold G. Moller. Emma L. Moller was the mother of the plaintiff and of Harold G. Moller and died a number of months after the action was commenced and after having defaulted in appearing and pleading. No personal claim was made against the defendant Lincoln Safe Deposit Company, and it put in no appearance in the action.

The answer of the appellant, Emily Rodgers Moller, as administratrix, denies the plaintiff's ownership of the securities and for a defense and counterclaim alleges that Harold G. Moller and Emma L. Moller rented the safe deposit box as tenants in common and that the securities described in the complaint belonged to Harold G. Moller in his lifetime and that the title to them is now vested in the appellant as ancillary administratrix, and she asks for the return of the securities. The plaintiff, in a reply, denies the appellant's claim of ownership.

The verdict, found by direction of the court, was that the title to the securities was in the plaintiff. It is urged by the appellant that the trial court committed reversible error, particularly in rulings as to the admissibility of evidence under section 829 of the Code.

The appellant was not allowed to testify as to conversations between her intestate husband and his mother, Emma L. Moller. The ground of the ruling was that plaintiff's alleged title was derived through the mother. Such testimony, if admitted, would have been given by a party and person interested in the event, in her own behalf and interest, against a person claiming to derive her title and interest through a deceased person (the mother), concerning a personal transaction and communication between the witness and the deceased. The ruling of the trial court was, therefore, correct.

The appellant was also prevented from testifying as to transactions or conversations with her husband prior to his decease. The witness was asked if after she married her husband she saw any bonds in his possession. This was objected to and the objection was sustained and appellant excepted. She was also prevented from stating what she saw

in a safe deposit box belonging to her husband when on an occasion she visited it with him. It will be remembered that appellant claimed that her husband owned the bonds in his lifetime, and that previous testimony in the record related to the husband's interest in the bonds. The questions asked were, therefore, material. Just upon what ground the court excluded them does not appear. The witness was not seeking to testify as to any transactions with the mother, plaintiff's deceased predecessor in title. Confusion seems to have arisen from the fact that the acts of the two dead persons were involved. The testimony was not inadmissible because it related to transactions with appellant's deceased husband. No claim was being made by appellant against his estate. On the contrary, as legal representative, she was endeavoring to establish title to his estate. The deceased person through whom plaintiff claims was not present at the times in question. It must be held that the error in excluding this testimony requires reversal.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.